■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT BELL, Appellant.

The plea minutes clearly reveal that defendant understood that if he failed to appear in court on the scheduled sentencing date, the court would not be bound by the promise made as to sentence as part of the plea agreement, that he would receive enhanced sentences, and that he would not be permitted to withdraw his guilty pleas as a result. Criminal Term, therefore, cannot be said to have abused its discretion in denying defendant's application to withdraw his guilty pleas and in imposing sentences which appropriately reflected his criminal record, when defendant turned up for sentencing three years late (*see, People v Murello,* 39 NY2d 879; *People v Davis,* 106 AD2d 657). We also note that by pleading guilty prior to the determination of his omnibus motion, defendant waived appellate review of all suppression issues raised therein (*People v Querica,* 106 AD2d 589; *People v Corti,* 88 AD2d 345) and of his claim concerning the sufficiency of the evidence before the Grand Juries (*People v Zangrillo,* 105 AD2d 822; *People v Ali,* 79 AD2d 974). We have considered defendant's remaining contention and find it to be without merit. Titone, J. P., Lazer, Thompson and Rubin, JJ., concur.