■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES INNES, Appellant. — Motion by the People for an order granting reargument of the appeal in the above-entitled case, decided by decision and order of this court, both dated January 14, 1985 (107 AD2d 712).

Motion for reargument granted and, upon reargument, the decision and order of this court, both dated January 14, 1985, are recalled and vacated, and the following decision is substituted therefor:

Appeals by defendant, as limited by his motion, from four sentences of the Supreme Court, Queens County (Rotker, J.), each imposed February 24, 1984, the sentences being two concurrent terms of imprisonment of 7½ to 15 years, to run concurrent to two consecutive terms of imprisonment of 7½ to 15 years, upon his conviction of four counts of robbery in the second degree, after pleas of guilty.

Sentences affirmed.

The defendant pleaded guilty to robbery in the second degree under each of four indictments in return for the court's promises that he "remain at liberty pending sentence" and that he be sentenced to concurrent indeterminate terms of imprisonment of 4½ years to 9 years. The court advised the defendant that its promises were subject to the following conditions, which defendant stated he understood: "number one, that you show up for sentence, number two, that you cooperate with probation, number three, most important, that you don't get rearrested and charged with any other crimes or offenses": The defendant also claimed he understood the court's admonition that: "If you violate any of the[se] conditions * * * you are facing the possibility of consecutive sentence [*sic*] totalling thirty to sixty years which would be the maximum sentence to be imposed by you [*sic*] under each one of these indictments as a second or predicate felon, you would owe seven and a half to fifteen — withdraw that, on the C felony, yes, it would be thirty to sixty years, you could face seven and a half to fifteen years consecutive sentence [*sic*] on each one of these". The defendant was arrested prior to sentencing and charged with several robberies. At the sentencing in the instant matter, the court adverted to its admonition and sentenced the defendant as a second felony offender to two concurrent terms of imprisonment of 7½ to 15 years, to run concurrent to two consecutive terms of imprisonment of 7½ to 15 years. The defendant's motion to withdraw his pleas was denied.

On appeal, the defendant seeks specific performance of the sentence promises made to him at the plea hearing, viz., concurrent terms of imprisonment of 4½ to 9 years.

In *People v Di Donato* (100 AD2d 912), the defendant pleaded guilty to attempted robbery in the second degree in full satisfaction of a three-count indictment. In return for the plea, Criminal Term promised to sentence the defendant, a "predicate felon", to "the minimum allowed by law, not less than two nor more than four years in State's prison." The court also permitted the defendant "[to] remain at liberty pending sentence". However, the court warned the defendant: "That during the course of your pending sentence you are not to get into any trouble by getting rearrested. If you get rearrested then the court will not feel bound to live up to this [sentence] promise that it is going to indicate on the record * * * [a]nd you could get up to three and a half to seven years in this case". Di Donato was rearrested and the court sentenced him to 3½ years to 7 years in accordance with its admonition. On appeal, defendant argued that this court should either allow him to withdraw his plea or impose the

agreed-upon sentence. This court affirmed the conviction, citing *People v Murello* (39 NY2d 879).

Since Di Donato (*supra*) was decided, this court has reached the same result under factually similar circumstances (*see, People v Bell,* 110 AD2d 902; *People v Davis,* 106 AD2d 657), and we perceive no reason for reaching a different result in the case at bar. We note that, in the instant case, the Judge made perfectly clear the terms of the plea-bargain agreement, and the defendant, who had extensive prior experience in the criminal justice system, manifested his acceptance of those terms.

Accordingly, the sentences imposed should be affirmed. Mollen, P. J., Titone, Bracken, and Niehoff, JJ., concur.