■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH CARIDI, Appellant.—Appeal by defendant from two judgments of the County Court, Nassau County (Goodman, J.), both rendered November 14, 1986, convicting him of (1) robbery in the second degree and criminal usury in the first degree under superior court information No. 64045, and (2) promoting gambling in the first degree under indictment No. 63468, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The County Court did not abuse its discretion in denying the defendant's application to withdraw his pleas of guilty before imposing a higher sentence than that originally negotiated in the plea agreement. As a general rule, the sentencing court may not impose a sentence greater than the one bargained for without first affording the defendant an opportunity to withdraw the plea and stand trial *(see, People v Farrar,* 52 NY2d 302; *People v Selikoff,* 35 NY2d 227, *cert denied* 419 US 1122). This rule, however, does not apply to the instant case. The record indicates the clear intent of the court to condition the promised sentence upon the defendant not

becoming involved in any further "trouble" of a criminal nature between the time of the plea proceeding and his appearance at the scheduled sentencing date. The defendant, who had extensive prior experience in the criminal justice system, manifested his acceptance of these terms. In view of the defendant's arrest and indictment for criminal offenses committed after the plea proceedings and prior to the scheduled sentencing date, the court was no longer bound by its promise and was free to impose a higher sentence *(see, People v Gamble,* 111 AD2d 869; *People v Innes,* 111 AD2d 356; *cf., People v White,* 144 AD2d 711; *People v Cook,* 130 AD2d 503). Mollen, P. J., Mangano, Thompson and Rubin, JJ., concur.