■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH BANKS, Appellant.—Levine, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered August 8, 1988, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree (two counts) and burglary in the third degree.

Defendant pleaded guilty to two counts of burglary in the second degree and one count of burglary in the third degree in full satisfaction of all charges in two indictments. The plea was entered pursuant to an agreement spread upon the record pursuant to which defendant would be granted youthful offender treatment and receive a sentence of 1 to 3 years in a State correctional facility. However, since defendant was to remain on bail pending sentence, the promised disposition was expressly made contingent upon his "appearing in Court when you are directed to appear and also you are not to get into any additional trouble between now and the time of sentence". County Court advised defendant that any violation of those conditions would permit the imposition of a different sentence without permitting defendant to withdraw his guilty plea.

On an adjourned date for sentencing, the prosecution advised County Court that defendant had violated the conditions of the plea bargain by having been arrested in the interim period for criminal possession of stolen property in the fourth

degree. Defense counsel responded by explaining in substance that the stolen property was a car taken by another individual and that defendant was in possession as a passenger who had "no knowledge whatsoever that [the] car was stolen". The court disregarded this explanation and, based upon the subsequent arrest, denied defendant's application for youthful offender treatment and imposed concurrent 2-to-6-year prison sentences. This appeal followed.

Defendant's sentence must be vacated. It is true that County Court was at liberty to consider defendant's arrest for possession of a stolen car as evidence of criminal activity in breach of one of the conditions of the plea bargain. Offenses committed by a defendant, even those for which he has not been convicted, may properly by submitted to the court as factors to be considered in imposing sentence *(see, People v Whalen,* 99 AD2d 883, 884). However, County Court erred in summarily rejecting the plausible, exculpatory explanation by defense counsel. There is no question but that the court entirely relied upon the arrest in vacating the plea bargain and imposing a more severe sentence. County Court thus deprived defendant of his right to a meaningful opportunity to refute the single, aggravating factor which influenced the court in increasing defendant's punishment *(see, People v Perry,* 36 NY2d 114, 119; *People v Contompasis,* 108 AD2d 1077, 1079, *lv denied* 65 NY2d 814; *cf., People v Redman,* 148 AD2d 966, 967, *lv denied* 74 NY2d 745). Defendant should have been afforded such an opportunity through a summary hearing at a presentence conference pursuant to CPL 400.10, or by some other fair means within the discretion of the sentencing court. We do not read the decisions by the Second Department in *People v Caridi* (148 AD2d 625, *lv denied* 74 NY2d 662) and *People v Innes* (111 AD2d 356, *lv denied* 65 NY2d 982) as holding to the contrary, since in neither case does it appear that the defendant disputed the validity of the subsequent arrest or criminal charges.

Judgment modified, on the law, by vacating the sentence imposed, matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.