■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN BOYD, True Name MICHAEL BOYD, Appellant.

On May 14, 1987, at the corner of the Van Wyck Expressway and Atlantic Avenue in Queens, the defendant stole a 1986 Pontiac Firebird. Approximately one hour later, the defendant used the stolen vehicle as a getaway car after an accomplice forcibly stole a woman's purse in Nassau County. After a high speed chase with police, the defendant crashed the car into a telephone pole and was arrested.

In Queens, the defendant was charged, inter alia, with grand larceny in the third degree under Queens County Indictment Number 3518/87. In Nassau County, he was charged, inter alia, with robbery in the second degree under Indictment Number 66199.

On August 17, 1987, in the Supreme Court, Queens County, the defendant pleaded guilty to one count of grand larceny in the third degree in full satisfaction of the Queens County indictment. The court promised to sentence the defendant to a prison term of two to four years "to run concurrent to an

understanding that you are going to work out in the County of Nassau".

The record indicates that sentencing in Queens County was adjourned numerous times because the defendant was unable to resolve the Nassau County charges. On December 1, 1987, the Supreme Court, Queens County, adjudicated the defendant a second felony offender and specifically informed him that this would be the last adjournment given to enable him to resolve the Nassau County charges. The Supreme Court noted that the Nassau charges were scheduled for a possible disposition in the middle of January 1988, and, accordingly, adjourned sentencing to January 27, 1988. The Supreme Court expressly advised the defendant that he would be sentenced on January 27, 1988, even if the Nassau County charges were not disposed of by that date. The defendant did not voice any objection to this condition or move to vacate his guilty plea at this time.

The Nassau County charges were not resolved by January 27, 1988. The defendant, by counsel, then moved orally in the Supreme Court, Queens County, to vacate his plea. The Supreme Court denied the application, noting that there had been more than five adjournments to allow the defendant to dispose of the Nassau County charges. The defense counsel acknowledged that the court had lived up to its "end of the bargain", but that the plea should nevertheless be vacated in the exercise of discretion. The Supreme Court then sentenced the defendant to 2 to 4 years imprisonment.

On April 21, 1988, the defendant pleaded guilty in the County Court, Nassau County, to one count of robbery in the second degree in satisfaction of Nassau County Indictment Number 66199. The Nassau County Court expressly advised the defendant that the sentence would be for an indeterminate term of four to eight years imprisonment to run *consecutively and not concurrently* with the two to four years imprisonment he was then serving on the Queens County indictment. At sentencing on May 25, 1988, in the County Court, Nassau County, the defendant asked that court to impose a term of imprisonment to run concurrently to the term of imprisonment imposed upon the Queens County indictment. The court rejected that request and imposed sentence as promised: an indeterminate term of four to eight years imprisonment to run consecutively to the term of two to four years imprisonment imposed in the instant case. The defendant never moved to vacate his guilty plea in Nassau County.

The defendant subsequently moved to vacate the instant

sentence imposed on Queens County Indictment Number 3518/87, claiming, *inter alia,* that the guilty plea had been induced by an unfulfilled promise and that the time limitations imposed by the Supreme Court, Queens County, to resolve the Nassau County charges were not set forth on the record. He argued that the only appropriate remedy would be to vacate his sentence and resentence him to concurrent time in accordance with the original promise. The trial court denied his application, and permission to appeal was granted pursuant to CPL 460.15. We now affirm both the sentence and the order.

On December 1, 1987, the Supreme Court, Queens County, made its intention to go forward with sentencing on January 27, 1988, absolutely clear, and the defendant was aware that he would have to resolve the Nassau County charges before that date in order to take advantage of the promise of concurrent terms of imprisonment *(cf., People v Danny G.,* 61 NY2d 169; *People v Seaberg,* 74 NY2d 1, 11). Since the condition for the promise of concurrent terms of imprisonment had not been met, the court was not obligated to allow the defendant to withdraw his guilty plea *(see, People v Caridi,* 148 AD2d 625; *People v Gamble,* 111 AD2d 869, 870). In addition, the defendant waived any right he may have had to request the fulfillment of the original promise as to sentence, or in the alternative, withdrawal of his guilty plea in Queens County, when he agreed to the imposition of consecutive terms of imprisonment upon pleading guilty in Nassau County *(see, People v Burton,* 133 AD2d 276, 277). Further, no circumstances in this case warrant a modification of the defendant's sentence in the interests of justice *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Bracken, Balletta, Rosenblatt and Ritter, JJ., concur.