■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HORACE McGIRT, Appellant. [603 NYS2d 164] —Judgment, Supreme Court, New York County (Allen Alpert, J.), rendered November 29, 1990, convicting the defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from 4½ to 9 years, unanimously modified, on the law, the sentence is vacated and the defendant is resentenced to an indeterminate term of imprisonment of from 3 to 6 years, and otherwise affirmed.

On October 18, 1990, the defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree. At the time of the plea, the court agreed to sentence

the defendant, a predicate felon, to an indeterminate term of imprisonment of from 3 to 6 years, provided that he not be arrested on any other charges while at liberty pending sentence, report to the Probation Department for his presentence interview and provided he return to court on the scheduled dates. The court warned the defendant that if he failed to comply with any of these conditions, he would be sentenced to 7½ to 15 years. After the defendant indicated that he understood the conditions, bail was continued and the case was adjourned until November 29, 1990 for sentence.

On that date, the prosecutor informed the court that the defendant had been arrested on November 19th and charged with the crime of criminal possession of a controlled substance in the third degree. The prosecutor asked the court to impose a sentence of 7½ to 15 years.

Defense counsel stated that although the defendant had been rearrested, he had not been indicted, there had been no hearing and the case had been adjourned until January. He asked that the court adhere to its original promise of a 3 to 6 year sentence since there had been no finding as to the defendant's guilt of the new charge. The prosecutor said that an indictment had not been voted because the arresting officer was sick and unable to testify before the grand jury.

The defendant told the court that the police did not have cause to arrest him. He maintained that the police "hassle" him every day and that on the day of his arrest, they planted evidence on him after using a ruse to get him out of his parents' apartment to search him. He added that the superintendent and other residents of the building would verify his account. Defense counsel then requested a hearing to determine the validity of the defendant's postplea arrest.

The court determined that the defendant was not entitled to a hearing and imposed a sentence of 4½ to 9 years. The Judge stated: "Mr. McGirt is a predicate felon who is most recently convicted of this felony on [sic] August 1988, received 90 days for a crime similar to the crime to which he pled guilty before me. He's now been arrested for a similar crime, a case which there is a pending indictment and in the past he has a number of convictions for drugs and other assorted crimes."

The showing necessary to satisfy the requirements of due process in order for a court to impose an enhanced sentence was addressed by the Court of Appeals in *People v Outley* (80 NY2d 702). The mere fact of an arrest is insufficient. Where, as here, "an issue is raised concerning the validity of the

postplea charge or there is a denial of any involvement in the underlying crime, the court must conduct an inquiry at which the defendant has an opportunity to show that the arrest is without foundation * * *. The nature and extent of the inquiry—whether through a summary hearing pursuant to CPL 400.10 or some other fair means—is within the court's discretion *(supra).* The inquiry must be of sufficient depth, however, so that the court can be satisfied—not of defendant's guilt of the new criminal charge but of the existence of a legitimate basis for the arrest on that charge" *(People v Outley, supra,* at 713, citing *People v Banks,* 161 AD2d 957, 958).

The sentencing court must assure itself that the information upon which it bases the sentence is reliable and accurate in order to comply with due process *(People v Outley, supra,* at 712; *see also, Mempa v Rhay,* 389 US 128, 133; *Townsend v Burke,* 334 US 736, 741; *United States v Lee,* 818 F2d 1052, 1055).* The challenge by defense counsel and the defendant to the validity of the defendant's arrest on November 19th should have prompted an in-depth inquiry by the court to determine whether a legitimate basis existed for the arrest *(People v Outley, supra; People v Faulkner,* 182 AD2d 1025, *lv dismissed* 80 NY2d 830; *People v Banks, supra).* Instead, the court relied on the defendant's previous arrest record and the misconception that he had been indicted on the new charge to impose the enhanced sentence. In fact, the defendant had not been indicted and both defense counsel and the prosecutor so informed the court. The case against the defendant, based on the November 19th arrest, was ultimately dismissed on March 20, 1991.

Since the defendant's right to due process was violated, the sentence imposed must be vacated. The defendant is hereby resentenced to an indeterminate term of imprisonment of from 3 to 6 years in accordance with the plea agreement. Concur—Rosenberger, J. P., Ellerin, Ross and Asch, JJ.