■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY SAMPSON, Appellant. [626 NYS2d 909] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Onondaga County Court for further proceedings in accordance with the following Memorandum: In exchange for defendant's plea of guilty to one count of criminal sale of a controlled substance in the third degree in full satisfaction of a pending indictment, County Court agreed to impose a sentence of imprisonment of 1 to 3 years. The court warned defendant that, if he was arrested on new charges while on release pending sentencing, the court's sentencing promise of 1 to 3 years would no longer stand and defendant could be sentenced to 5 to 15 years. Defendant agreed and his plea of guilty was accepted. While on release pending sentencing, defendant was arrested on a new charge of robbery in the first degree. The court satisfied itself that there was a basis for the arrest (see, People v Outley, 80 NY2d 702), and, after denying the request of defendant to withdraw his plea, sentenced defendant to 7 to 21 years.

Before imposing a harsher sentence than that agreed upon, the court must offer defendant an opportunity to withdraw his guilty plea. Although the court could impose an enhanced sentence upon defendant's arrest on new charges prior to sentencing, it could not impose an enhanced sentence higher than 5 to 15 years without providing defendant an opportunity to withdraw his plea. Thus, we modify the judgment on appeal by vacating the sentence, and we remit the matter to Onondaga County Court to impose the sentence promised or to

afford defendant the opportunity to withdraw his plea *(see, People v Thomas,* 210 AD2d 902; *People v Scerbo,* 197 AD2d 885, 886; *People v Williams,* 195 AD2d 1040, 1041). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pine, J. P., Fallon, Callahan, Doerr and Balio, JJ.