■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICO ROMAN, Appellant. [636 NYS2d 1] —Order, Supreme Court, Bronx County (Richard Price, J.), entered on or about October 27, 1993, which denied defendant's motion to set aside his sentence pursuant to CPL 440.20 and for re-sentencing, unanimously affirmed.

Defendant pleaded guilty in Bronx County to criminal possession of a controlled substance in the fifth degree and was allegedly promised a sentence of 2 to 4 years to be "concurrent" with the sentence thereafter to be imposed on a pending New York County case in which defendant was charged with shooting two people, killing one, while he was out on bail in the Bronx case. Defendant was sentenced to 2 to 4 years in the Bronx as promised.

After the Bronx plea but before the imposition of sentence, defendant pleaded guilty to manslaughter in the first degree in the New York County case, and contrary to the statements of the Bronx County sentencing court, was ultimately sentenced to a consecutive term of $12^1/_2$ to 25 years by the Justice in the New York County case.

In June 1993, seven years after the imposition of the Bronx County sentence, defendant moved pursuant to CPL 440.20 to vacate that sentence, and for re-sentencing to concurrent terms of imprisonment. The court denied the motion, ruling defen-

dant had waived any rights to the fulfillment of the sentencing promise by failing to object at the time the consecutive sentence was imposed in New York County.

Initially, we note the present record is inadequate to support defendant's factual claims as to a promise of concurrent time as he failed to provide the motion court with the plea minutes of the Bronx County proceeding, or indeed, the plea and sentencing minutes of the New York County proceeding (*see*, *People v Frederick*, 45 NY2d 520; *People v Olivo*, 52 NY2d 309, 320). In any event, upon the existing record, we find that the court properly denied specific performance. While a guilty plea induced by an unfulfilled promise must either be vacated or the promise honored, a defendant is entitled to specific performance only if he can establish that vacatur of the plea is insufficient to return him to his pre-plea position (*People v McConnell*, 49 NY2d 340, 346-348), a showing defendant has failed to make in this case.

Moreover, specific performance is an inappropriate remedy where, as here, the Judge made an unauthorized promise which could not bind another Judge on a future sentencing determination, and the proposed concurrent sentences would have required a finding of mitigating circumstances under Penal Law § 70.25 (2-b) (*see*, *People v Alexander*, 213 AD2d 227). In any event, as the record now stands, defendant has waived any right to specific performance by failing to demonstrate an objection to the consecutive sentence when it was imposed, or to move to withdraw his plea (*see*, *People v Boyd*, 179 AD2d 815, 817, *lv denied* 79 NY2d 944; *People v Alvarado*, 160 AD2d 1012, *lv denied* 76 NY2d 784). Concur—Ellerin, J. P., Rubin, Nardelli, Williams and Mazzarelli, JJ.