██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WARREN COLLINS, Appellant. [639 NYS2d 611] 

Prior to sentencing, the court noted that defendant's Probation Officer had informed the court that defendant had not regularly reported as required by the bargain. At sentencing, the prosecutor indicated his "understanding" that defendant had failed to report. Defense counsel, however, stated that defendant had reported on each date, as directed by the Probation Officer. The court failed to conduct further inquiry to satisfy itself that defendant had violated that condition of the bargain (*see, CPL 400.10 [3]; People v Faulkner*, 182 AD2d 1025, *lv dismissed* 80 NY2d 830; *cf., People v Outley*, 80 NY2d 702, 713), and made no finding that defendant violated either condition of the plea bargain, but the court nevertheless imposed a term of imprisonment of 1 to 3 years. Because the court failed

to sentence defendant in accordance with its promise, we modify the judgment by vacating the sentence, and we remit the matter to Supreme Court to afford defendant the opportunity to withdraw his plea; if the court refuses to permit withdrawal of the plea, the plea bargain must be enforced and probation continued (*see, People v Selikoff*, 35 NY2d 227, 241, *cert denied* 419 US 1122; *People v Sampson*, 214 AD2d 1033; *People v Shabazz*, 203 AD2d 947). Because we vacate the sentence, we do not consider the contentions that the sentence is harsh or excessive and that the sentencing court failed to consider defendant's successful completion of several conditions of probation before imposing sentence. (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Violation of Probation.) Present—Green, J. P., Lawton, Fallon, Doerr and Balio, JJ.