■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEATRICK MARSHALL, Appellant. [647 NYS2d 890] —Judgment unanimously affirmed. Memorandum: Defendant entered a plea of guilty to an indictment charging him with criminal possession of a weapon in the third degree, criminal possession of a controlled substance in the seventh degree, criminal possession of marihuana, and resisting arrest, on the condition that he receive a sentence of incarceration of 1 to 3 years.

County Court agreed to release defendant pending the next court appearance so that defendant could spend the Christmas holidays at home with his newborn child. Because defendant had failed to arrive on time for court appearances in the past, requiring the issuance of two bench warrants, the court informed defendant that, if he did not arrive on time for the next court appearance, at 9:30 A.M., it would not abide by the sentencing promise and would sentence defendant to the maximum term of incarceration of $2^1/_3$ to 7 years without affording defendant an opportunity to withdraw the plea. The court also informed defendant that it would not abide by the sentencing promise if defendant was "found in possession of a weapon" before the next scheduled court appearance.

Defendant did not appear on time for the next court appearance and a bench warrant was issued. Defendant arrived at the courthouse later that morning. The court noted defendant's appearance at 10:45 A.M., although defendant stated that he had been sitting in the courtroom since 10:15 A.M. Defendant was taken into custody and sentencing was scheduled for a future date. At sentencing, the court found that defendant had violated the plea agreement by failing to arrive on time. The court found that defendant also had violated the plea agreement by possessing a weapon during the period of release. The court read into the record a felony complaint charging defendant with, *inter alia*, armed robbery, supported by the sworn deposition of an identified witness identifying defendant as having been in possession of a chrome-handled pistol during a robbery that allegedly occurred during the period of release. Defendant denied any involvement in the robbery. The court denied defendant's motion to withdraw the plea and sentenced defendant to an indeterminate term of incarceration of $2^1/_3$ to 7 years.

"Conditions imposed as part of a plea arrangement are valid if the parties agree to them and they do not violate any statute or contravene public policy" (*People v Avery*, 85 NY2d 503, 507). As a condition of receiving a sentence of 1 to 3 years, defendant was required to appear on time for his next court appearance. The court imposed that condition based upon defendant's established pattern of arriving late for court appearances. Because defendant failed to abide by that condition, the court properly enhanced defendant's sentence without affording defendant an opportunity to withdraw his plea (*see, People v Figgins*, 87 NY2d 840, 841).

Moreover, the court properly enhanced the sentence because defendant failed to abide by the condition that he not be found

in possession of a handgun during the period of release. The court conducted an inquiry pursuant to *People v Outley* (80 NY2d 702, 713) sufficient to satisfy itself that there was a "legitimate basis" for concluding that defendant had failed to abide by the condition.

We decline to exercise our power to modify the sentence as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [b]). (Appeal from Judgment of Monroe County Court, Marks, J.—Criminal Possession Weapon, 3rd Degree.) Present—Denman, P. J., Lawton, Fallon, Doerr and Balio, JJ.