■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID COKER, Appellant. [659 NYS2d 614] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of promoting prison contraband in the first degree, defendant contends that County Court abused its discretion in summarily denying his motion to withdraw his

guilty plea (*see*, CPL 220.60 [3]). We disagree. The motion was based on conclusory assertions that defendant could impeach a prosecution witness and that defense counsel was ineffective, assertions that were not raised during the plea allocution and that are unsupported by the record (*see, People v Mercedes*, 171 AD2d 1044, 1045, *lv denied* 77 NY2d 998; *People v O'Keefe*, 170 AD2d 1020, *lv denied* 77 NY2d 965).

We further conclude that the court did not abuse its discretion in imposing an enhanced sentence based on defendant's failure to appear in court on the original sentencing date (*see, People v Marshall*, 231 AD2d 893, *lv denied* 89 NY2d 866). "Conditions imposed as part of a plea arrangement are valid if the parties agree to them and they do not violate any statute or contravene public policy" (*People v Avery*, 85 NY2d 503, 507). The court informed defendant before accepting his plea that the sentence would be 2 to 4 years of incarceration if he appeared for sentencing on October 2, 1995, and 3 to 6 years if he failed to appear. Defendant agreed to that condition but failed to appear as directed on October 2, 1995.

We have reviewed defendant's remaining contention and conclude that the court's errors, if any, are harmless. (Appeal from Judgment of Onondaga County Court, Cunningham, J.— Promoting Prison Contraband, 1st Degree.) Present—Denman, P. J., Pine, Doerr, Balio and Boehm, JJ.