■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CAPUANO, Appellant. [675 NYS2d 889] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Ohlig, J.), rendered February 18, 1998, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The County Court did not improvidently exercise its discretion in denying the defendant's application to withdraw his plea of guilty before imposing a higher sentence than that originally negotiated in the plea agreement. The record indicates that the promised sentence was conditioned upon the defendant not being the subject of any new charges between the time of the plea proceeding and his appearance at the scheduled sentencing date. Therefore, since the defendant was subsequently arrested and charged with a crime, the court was free to impose a higher sentence (see, People v Canecchia, 234 AD2d 606; People v Velez, 212 AD2d 647; People v Caridi, 148 AD2d 625).

Furthermore, upon inquiry, the defendant admitted that he had been arrested after contraband was found in the vehicle in which he was a passenger. Therefore, a hearing was not necessary since the inquiry was sufficient to satisfy the court that

there was a legitimate basis for the defendant's arrest (*see, People v Outley,* 80 NY2d 702, 713; *People v Littlejohn,* 209 AD2d 441; *People v Kessner,* 181 AD2d 1044).

The defendant's remaining contentions have either been waived (*see, People v Taylor,* 65 NY2d 1, 5) or are without merit (*see, People v Hayden,* 154 AD2d 711). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.