■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ROMAN, JR., Appellant. [688 NYS2d 357] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Oneida County Court for further proceedings in accordance with the following Memorandum: Defendant entered a plea of guilty to a reduced charge of assault in the second degree (Penal Law § 120.05 [7]) in exchange for a promise of a five-year determinate term of incarceration. During the plea colloquy, defendant agreed to waive his right to appeal. At sentencing, County Court denied defendant's motion to withdraw the guilty plea. Defendant then refused to execute a written appeal waiver, indicating that he wished to appeal. The court stated that defendant was no longer living up to his

end of the bargain, and sentenced defendant as a second violent felony offender to a seven-year determinate term of incarceration.

Because the court sentenced defendant to a more severe sentence than that bargained for, the court should have given defendant an opportunity to withdraw his plea (*see, People v Schultz,* 73 NY2d 757, 758; *People v Lefler,* 193 AD2d 1143). Contrary to the People's argument, the court did not inform defendant that imposition of the bargained-for sentence was conditioned upon defendant's execution of a written appeal waiver (*cf., People v Outley,* 80 NY2d 702). Consequently, we modify the judgment by vacating the sentence, and we remit the matter to Oneida County Court to impose the sentence promised or to afford defendant the opportunity to withdraw his plea (*see, People v Lefler, supra*). (Appeal from Judgment of Oneida County Court, Donalty, J.—Assault, 2nd Degree.) Present—Denman, P. J., Lawton, Hayes, Pigott, Jr., and Scudder, JJ.