32

[716 NYS2d 497]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ANTONIO MCCLEMORE, Appellant.

Fourth Department, November 13, 2000

APPEARANCES OF COUNSEL

*Janet C. Somes, Public Defender's Office,* Rochester, for appellant.

*Howard R. Relin, District Attorney* of Monroe County, Rochester (*Stephen K. Lindley* of counsel), for respondent.

**OPINION OF THE COURT**

PIGOTT, JR., P. J.

Defendant was charged with robbery in the third degree

(Penal Law § 160.05), grand larceny in the fourth degree (Penal Law § 155.30 [5]) and unlawful imprisonment in the second degree (Penal Law § 135.05), as a result of his beating a 65-year-old victim and forcibly stealing his personal property. Defendant agreed to plead guilty to attempted robbery in the third degree (Penal Law §§ 110.00, 160.05) in exchange for an indeterminate sentence of imprisonment of 1½ to 3 years. County Court agreed to allow defendant to remain at liberty between the plea hearing and sentencing. The plea included the condition that, if defendant were arrested during that time, the court would no longer be bound by the sentencing promise, but would be free to impose a higher sentence. The court did not inform defendant of the maximum sentence that could be imposed, but told defendant that if he did not "live up to" his part of the bargain, he would "swallow a big, big sinker full of Department of Corrections time." The court also required defendant, as a condition of the plea, to admit his status as a persistent felony offender. Defendant executed a supplemental waiver form, wherein he agreed to waive the right to a hearing at which the People would be required to prove that he was the same individual who was convicted of two felonies within the past 10 years. He also waived the right to present any "mitigating circumstances with regard to his possible adjudication as a persistent felony offender" and the right to challenge the prior convictions on constitutional grounds. Defendant admitted that he was convicted of two felonies within the last 10 years and stated that he had no constitutional challenges to those convictions.

Defendant did not appear in court at the time scheduled for sentencing, and defense counsel indicated that she had received information that defendant was incarcerated in the Niagara County Jail. When defendant thereafter appeared in court pursuant to a bench warrant on April 11, 1997, the prosecutor informed the court that defendant had been charged in Niagara County with grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree and resisting arrest arising from his alleged theft of a vehicle from a used car dealership in Rochester. The prosecutor indicated that she had obtained the arrest report and had spoken with the victim of the larceny. According to the prosecutor, the report indicated that the police observed defendant entering the driver's side of the stolen vehicle and that he fled when the police approached him. According to the prosecutor, there had been a photo array at which defendant was identified as "the person actually steal-

ing the car from the dealership in Rochester." The prosecutor asked the court to sentence defendant as a persistent felony offender to a term of imprisonment of 25 years to life.

Defense counsel presented to the court a letter from one Johnny Green, who admitted that he was the person who had stolen the vehicle. Defense counsel further stated that defendant had taken a ride with friends to Niagara County, and had entered the vehicle, which he did not know was stolen, to retrieve some cigarettes. Defense counsel stated that, as part of the plea agreement, defendant had cooperated with the People on two other unrelated cases, resulting in a conviction in one case and multiple indictments in another. She characterized the prosecutor's request for the maximum sentence of 25 years to life as "extremely harsh."

Defendant stated that the police who approached him after he entered the vehicle were in plain clothes and did not identify themselves as police officers. He ran away because he was afraid that they were going to "jump him." They did not identify themselves as police officers until after they caught him.

The court reminded defendant that he was no stranger to the criminal justice system and should have known that he could not leave Monroe County. The court stated that defendant had agreed to a no-arrest condition as part of the plea. The court adjudicated defendant a persistent felony offender, adjourned the sentencing to the following week, and ultimately sentenced defendant as a persistent felony offender to an indeterminate term of imprisonment of 25 years to life.

I

■ On appeal, defendant contends that the court was not empowered to enhance the sentence on the ground that defendant left Monroe County because remaining in Monroe County was not an express condition of the plea. We agree (*see, People v Roman,* 259 AD2d 977, 978). Further, although defendant also agreed to the condition that he not commit any new offenses between the plea and sentencing, the commission of new offenses cannot serve as the predicate for an enhanced sentence because there was no competent proof presented that defendant actually committed any new offenses (*see, Spence v Superintendent,* 219 F3d 162, 168-169). Consequently, the no-arrest condition is the only condition of the plea that may provide the predicate for an enhanced sentence.

A court may validly impose a no-arrest condition as a condition of defendant's receiving the bargained-for sentence (*see,*

*People v Outley,* 80 NY2d 702, 713; *People v Parker,* 271 AD2d 63, 69). A court may not, however, impose an enhanced sentence based on the mere fact that defendant was arrested. Rather, it is the obligation of the sentencing court to "assure itself that the information upon which it bases the sentence is reliable and accurate" (*People v Outley, supra,* at 712; *see also, People v Naranjo,* 89 NY2d 1047, 1049). To satisfy due process requirements, "[w]hen an issue is raised concerning the validity of the postplea charge or there is a denial of any involvement in the underlying crime," the court must conduct an inquiry "at which the defendant has an opportunity to show that the arrest is without foundation * * *. The nature and extent of the inquiry—whether through a summary hearing pursuant to CPL 400.10 or some other fair means—is within the court's discretion * * *. The inquiry must be of sufficient depth, however, so that the court can be satisfied—not of defendant's guilt of the new criminal charge but of the existence of a legitimate basis for the arrest on that charge" (*People v Outley, supra,* at 713).

Defendant contends that, in light of his denial of involvement in the underlying crimes, the court's inquiry was insufficient to determine the legitimacy of the arrest. We reject the People's contention that, by failing to object to the adequacy of the court's inquiry or moving to vacate the plea, defendant failed to preserve his contention for our review (*cf., People v Miles,* 268 AD2d 489, *lv denied* 95 NY2d 800). Defense counsel's objection to the imposition of an enhanced sentence based solely upon defendant's arrest for crimes that defendant did not commit is sufficient to preserve this contention for our review. In any event, even if the issue were unpreserved, we would exercise our power to review it as a matter of discretion in the interest of justice (*see, People v Parker, supra,* at 71).

We agree with defendant that the court's inquiry into the legitimacy of the arrest was insufficient. The court based its determination on the assertions of the prosecutor that she had read the arrest report, but there is no indication that the report was submitted to the court. The prosecutor also indicated that she had spoken to the "victim" but did not disclose who the victim was or whether the victim could link defendant to the theft of the vehicle. Finally, the prosecutor indicated that defendant had been selected from a lineup as the person who stole the vehicle, but she did not indicate who the witness was who identified defendant or give any indicia of the reliability of the identification. In our view, the court's reliance upon the

prosecutor's unsupported assertions and the court's summary disregard of defendant's explanation for the arrest violated due process (*see, People v Collins,* 225 AD2d 1050; *People v McGirt,* 198 AD2d 101, 102-103). Defendant's challenge to the validity of the arrest "should have prompted an in-depth inquiry by the court" (*People v McGirt, supra,* at 103).

We reject the contention of the People that the admission of defendant that he entered the vehicle was sufficient to support his arrest for criminal possession of stolen property (*cf., People v Capuano,* 252 AD2d 560, 560-561, *lv denied* 92 NY2d 981). Defendant admitted that he entered the vehicle but denied that it was stolen, and thus the intent element of the crime was not admitted. We therefore conclude that the sentence should be vacated and the matter remitted to a different Judge for an appropriate inquiry (*see, People v Leslie,* 198 AD2d 233, 234). If the court determines that the arrest lacked a legitimate basis, the court must sentence defendant to the bargained-for sentence of 1½ to 3 years.

## II

In the event that the court determines upon remittal that there was a legitimate basis for the arrest, we reach the remaining contention of defendant that he was improperly sentenced as a persistent felony offender.

As a condition of the plea, the court required defendant to admit his status as a persistent felony offender. In our view, the court properly permitted defendant to waive both the right to a hearing at which the People would be required to prove that he had been convicted of two prior felonies and the right to contest the constitutionality of those prior convictions (*see, People v Pringle,* 226 AD2d 1072, 1073, *lv denied* 88 NY2d 940). We conclude, however, that the court's requiring defendant to waive his right to present evidence in mitigation and the failure of the court to exercise its discretion in sentencing defendant as a persistent felony offender violate the sentencing statutes and contravene public policy.

There are two prerequisites to a defendant's being sentenced as a persistent felony offender. First, defendant must stand convicted of a felony and have two or more prior felony convictions (*see,* Penal Law § 70.10 [1]). Second, the court must determine that "the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest" (Penal Law § 70.10 [2]). With respect

to the second prerequisite, defendant is entitled to present evidence "relevant to the issue of whether or not [he] should be sentenced as a persistent felony offender" (CPL 400.20 [9]). As one commentator has noted, the procedure utilized to determine whether a defendant is to be sentenced as a persistent felony offender differs from the procedures set forth in the other felony recidivist statutes because sentencing as a persistent felony offender is not mandatory, but rather, "it is available for use in the discretion of the court. * * * [T]he court's exercise of discretion to impose the enhanced sentence must be based not only upon the requisite predicate offenses[,] but also upon facts regarding the over-all history and character of the defendant" (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 400.20, at 274). Here, following the waiver by defendant of a hearing on the issue of the prior felony convictions, the court made sentencing as a persistent felony offender the consequence of defendant's having been rearrested.

"Conditions imposed as part of a plea arrangement are valid if the parties agree to them and they do not violate any statute or contravene public policy" (*People v Avery,* 85 NY2d 503, 507; *see also, People v Parker, supra,* at 68; *People v Marshall,* 231 AD2d 893, 894, *lv denied* 89 NY2d 866). As evident in the statutes, the Legislature intended that a court sentence a defendant as a persistent felony offender only upon the exercise of its discretion after affording defendant the opportunity to present evidence in mitigation. Here, the court acted in contravention of the statute by requiring defendant to waive the right to present such evidence and sentencing defendant as a persistent felony offender based not upon an exercise of discretion but upon defendant's having been rearrested (*see, People v Nicholson,* 237 AD2d 973, *lv denied* 90 NY2d 908). Consequently, should County Court conclude upon remittal that there was a legitimate basis for the Niagara County arrest, the court, having before it a defendant who has conceded that he is a persistent felony offender, must afford defendant the opportunity to present evidence relevant to the issue whether he should be so sentenced. The court, after hearing any evidence presented, must exercise its discretion to determine whether defendant's history and character and the nature and circumstances of defendant's criminal conduct "indicate that extended incarceration and life-time supervision will best serve the public interest" (Penal Law § 70.10 [2]).

## III

Accordingly, we conclude that the judgment should be modified by vacating the sentence and the matter remitted to Monroe County Court before a different Judge for further proceedings in accordance with this opinion.

GREEN, HAYES, SCUDDER and KEHOE, JJ., concur.

Judgment unanimously modified, on the law, and as modified, affirmed and matter remitted to Monroe County Court for further proceedings in accordance with the opinion by PIGOTT, JR., P. J.