■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WEINFLASH, Appellant. [823 NYS2d 74]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered January 5, 2004, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the fourth degree, and sentencing him to a term of three years' probation, unanimously affirmed.

Defendant originally pleaded guilty to criminal possession of a weapon in the third degree, with the understanding that upon successful completion of two years of interim probation supervision (IPS), he would be permitted to withdraw that plea and replead to fourth-degree possession, with a promised sentence of three years' probation. The court also promised that defendant would receive credit toward his probationary sentence for the two years of IPS. However, the latter promise would have been illegal, since the court was not authorized to credit defendant with two years of probation served prior to sentencing (Penal Law § 65.15 [1]). After defendant successfully completed the two years of IPS, he appeared before the court to replead and for sentencing. Defendant was made fully aware, at the time that he agreed to replead to fourth-degree possession, that he would not be getting credit for the two years of IPS, and that service of three years' probation without credit was a condition of granting him permission to replead to the lesser charge, despite the court's original promise to the contrary. Defendant made no objection when entering his plea or at the time of sentencing, regarding the violated promise that he would receive such credit. Thus, defendant has waived any present objection (*see People v Roman*, 222 AD2d 269, 270 [1995]). Defendant's remedy for the court's inability to fulfill its promise would have been to withdraw the felony plea and go to trial, but he voluntarily chose, instead, to take the misdemeanor plea with the full term of probation. In any event, defendant received a benefit from his two years on IPS, in that he was then permitted to replead to the lesser charge, with a sentence that involved no prison time. Finally, we note that CPL 410.90 (3) provides a mechanism for favorable termination of a sentence of probation prior to its completion. Concur—Tom, J.P., Saxe, Friedman, Sullivan and McGuire, JJ.