OPINION OF THE COURT
William E. Garnett, J.
*282 May a sentence court use a new arrest in which the defendant is charged in a nonhearsay felony complaint as the sole basis for enhancing a defendant’s sentence?
The defendant pleaded guilty to the class D felony of insurance fraud in the third degree. On the day of the plea proceeding, the defendant was admonished that, if he were rearrested, he faced an enhanced sentence of up to 2⅓ to 7 years in state prison.
Thereafter, the court was informed that the defendant had been arrested in Queens County for bribery in the third degree, et ano. The underlying conduct in the new case closely mirrored the criminal activity ascribed to him in the instant case. In Queens County, the defendant had been accused of soliciting a New York City police officer to provide the names of automobile accident victims for the purpose of submitting fraudulent medical claims. The police officer was to be paid for providing the names. The felony complaint which recited these facts was signed by the police officer who had been approached by the defendant. The officer’s signature was placed under the jurat that: “False statements made in this document are punishable as a class ‘A’ misdemeanor pursuant to Section 210.45 of the Penal Law.”
The Court of Appeals has countenanced the practice of enhancing a defendant’s promised sentence when a defendant had incurred a new arrest. (People v Outley, 80 NY2d 702 [1993].) As required by Outley, in this case, the defendant had been admonished concerning the consequences of a rearrest and had been given the opportunity to establish that the new arrest had no legitimate foundation in fact, i.e., the arrest was baseless or malicious. (People v Outley at 713.)
The only issue in this case is whether the nonhearsay felony complaint may serve as the sole basis for enhancing the defendant’s sentence. In Outley, the Court of Appeals reaffirmed the principle that “the sentencing court must assure itself that the information upon which it base[d] the sentence is reliable and accurate.” (People v Outley at 712.) Thus, the issue here is whether the nonhearsay felony complaint is sufficiently “reliable and accurate” to justify an enhancement of the defendant’s sentence.
The sentencing court must possess some confirmation of the facts which resulted in the new arrest before enhancing the sentence. “[T]he mere fact of the arrest, without more, is not enough.” (People v Outley at 713.) The confirmation of the *283 underlying facts can come in a variety of ways. In the Outley trilogy, confirmation of reliability and accuracy was provided by a supporting deposition of the complainant (People v Outley at 708), an indictment (People v Maietta, 80 NY2d 702, 709 [1993]) and a laboratory analysis report (People v Ogtong, 80 NY2d 702, 712 [1993]). Consistent with Outley, the court in People v Martin (NYLJ, Nov. 29, 2002, at 22, col 5), ruled that a misdemeanor information was sufficient to justify an enhanced sentence. The misdemeanor complaint had been corroborated by the submission of the complainant’s supporting deposition.
In People v Marshall (231 AD2d 893, 894 [4th Dept 1996]), the Appellate Division affirmed an enhanced sentence, in part, on a new arrest based on a felony complaint which was “supported by the sworn deposition of an identified witness.” The facts contained in the felony complaint where verified by the witness’s affidavit. Implicitly, the court also found that a felony complaint, a nontriable accusatory instrument, could constitute the required factual foundation for an enhanced sentence. The enhanced sentence was also bottomed on the defendant’s failure to heed the sentencing court’s earlier admonition to break his pattern of arriving late for court appearances. While persuasive on its facts, the mixed rationale for the sentence enhancement does not render this case controlling.
There is no requirement that the sentencing court await the filing of a triable accusatory instrument before proceeding to enhance sentence.* (People v Marshall, supra.) In People v Ogtong (supra), one of the Outley trilogy, the sentencing court rejected the defense’s claim that the defendant had possessed only a de minimis amount of cocaine when the prosecution submitted a laboratory analysis report which showed an additional amount of cocaine. The description of the case does not indicate whether the submission of the laboratory report converted a misdemeanor complaint to an information. In the Outley trilogy, the Court of Appeals did not explicitly rule that a new arrest must be verified as reliable and accurate by the submission of a triable accusatory instrument before a sentencing enhancement may occur. All that is required is that the new arrest be found reliable and accurate after a sufficient inquiry.
*284 To the contrary, courts have ruled that a new arrest cannot be the predicate for an enhanced sentence when the court relies exclusively on the “prosecutor’s unsupported assertions” gleaned from the District Attorney’s file (People v McClemore, 276 AD2d 32, 37 [4th Dept 2000]) or when the trial court proceeds in the face of the complainant’s affidavit that the defendant may have been falsely arrested. (People v Hines, 16 Misc 3d 128[A], 2007 NY Slip Op 51279[U] [App Term, 9th & 10th Jud Dists 2007].)
The nonhearsay felony complaint in the instant case possesses the indicia of accuracy and reliability required for the enhancement of the defendant’s sentence as required by Outley. First, the facts contained in the Queens County felony complaint are consistent with the defendant’s criminal activity in Kings County to which the defendant admitted. Second, the deponent in the felony complaint is the police officer who was solicited by the defendant and the sole witness to the alleged felonious conduct in Queens County. Finally, and most significantly, the deponent-officer signed the complaint under a jurat which acknowledged that the deponent was subject to criminal prosecution for any false statements in the felony complaint. These facts render the new arrest a basis for an enhanced sentence as the underlying accusations of criminal activity in Queens County are reliable and accurate as mandated by People v Outley (supra), and as found in People v Marshall (supra).
Therefore, the nonhearsay felony complaint in this case warrants the conclusion that the defendant’s new arrest had an adequate factual foundation and is reliable and accurate for the purpose of enhancing the defendant’s sentence.

 Clearly, due process for the purposes of an enhanced sentence is established by the submission of a triable accusatory instrument. Such an instrument, at least presumptively, establishes a factual basis for the new arrest. However, the filing of such an accusatory instrument still does not preclude the defense from challenging the new arrest.