THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH D. AYEN, Appellant. [864 NYS2d 591]—

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered February 6, 2007. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the third degree (Penal Law §§ 110.00, 265.02 [3]), defendant contends that County Court erred in imposing an enhanced sentence based on his arrest on an unrelated matter between the time of the plea proceeding and sentencing. We reject that contention. The record establishes that the court's

warning at the plea proceeding that defendant would receive an enhanced sentence in the event that he committed any new crimes or got into "any other trouble with the law" pending sentencing was neither unclear nor ambiguous (*see generally People v Coleman,* 266 AD2d 227 [1999], *lv denied* 94 NY2d 946 [2000]; *People v Kessner,* 181 AD2d 1044 [1992], *lv denied* 80 NY2d 833 [1992]). The record belies the further contention of defendant that the court did not conduct a sufficient inquiry into his arrest before imposing the enhanced sentence, to ensure that there was a legitimate basis for the arrest (*see generally People v Outley,* 80 NY2d 702, 712-713 [1993]; *People v McClemore,* 276 AD2d 32, 36 [2000]; *People v McGirt,* 198 AD2d 101, 102-103 [1993]). The court afforded defendant the opportunity to dispute the charges, and defendant admitted that he was in another person's vehicle and that the police found a gun in the vehicle. Although defendant stated that it was "not right" that he should be arrested when the gun belonged to the owner of the vehicle, we conclude that there was a legitimate basis for the arrest pursuant to the automobile presumption (*see* § 265.15 [3]). The court thus did not err in imposing an enhanced sentence (*see People v Semple,* 23 AD3d 1058 [2005], *lv denied* 6 NY3d 852 [2006]; *see also People v Huggins,* 45 AD3d 1380 [2007], *lv denied* 9 NY3d 1006 [2007]; *People v Maupin,* 198 AD2d 236 [1993], *lv denied* 82 NY2d 899 [1993]). Present—Scudder, P.J., Centra, Fahey, Peradotto and Green, JJ.