# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

206
KA 09-01942
PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND MARTOCHE, JJ.
_____

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

RHONDA A. FUMIA, DEFENDANT-APPELLANT.
_____

CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF
COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Richard A.
Keenan, J.), rendered August 14, 2009.  The judgment convicted
defendant, upon her plea of guilty, of assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting her,
upon her plea of guilty, of assault in the first degree (Penal Law §
120.10 [1]).  At the time of her plea on the assault count, defendant
also admitted to a violation of probation.  The sentence of probation
had previously been imposed upon her conviction of robbery in the
third degree (§ 160.05).  As part of the negotiated plea agreement,
defendant was promised that the sentences for the two convictions
would be ordered to run concurrently.  At the plea proceedings, County
Court warned defendant that, if she was arrested on criminal charges
or violated any of the terms of the orders of protection that were in
place, it would no longer be bound by the sentencing agreement.  Prior
to sentencing, defendant was arrested and charged with criminal
contempt in the first degree (§ 215.51 [b] [vi]) for violating a no
contact order of protection.  At sentencing, the court imposed an
enhanced sentence by ordering that the sentences for the assault
conviction and the violation of probation conviction run
consecutively.

Defendant contends that the court erred in imposing an enhanced
sentence because there was no "legitimate basis" for defendant's
arrest.  Defendant failed to preserve her contention for our review
because she failed to object to the enhanced sentence or to move to
withdraw her plea or to vacate the judgment of conviction on that
ground (*see People v Baxter*, 302 AD2d 950, 951, *lv denied* 99 NY2d 652;
*People v Evans*, 302 AD2d 893, 894, *lv denied* 100 NY2d 561).  In any
event, defendant's contention is without merit inasmuch as there was a

sufficient inquiry made to support "the existence of a legitimate basis for the arrest on that charge" (*People v Outley*, 80 NY2d 702, 713; *see People v Ayen*, 55 AD3d 1305, 1306). At an *Outley* hearing, the complainant identified defendant's voice in two telephone calls made to him while a no contact order of protection in his favor was in effect. Additionally, telephone records demonstrated that numerous telephone calls were made from the residence where defendant was staying to the complainant's telephone during the period that the order of protection was in effect. Furthermore, we see no reason to disturb the sentence imposed.

Entered: March 22, 2013                    Frances E. Cafarell
                                           Clerk of the Court