The People of the State of New York, Respondent,
against
Laverne Wilson, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Matthew A. Sciarrino, J. at plea; Diana M. Boyar, J. at sentencing), rendered September 20, 2013, convicting him, upon his plea of guilty, of theft of services, and imposing sentence.




Per Curiam.
Judgment of conviction (Matthew A. Sciarrino, J. at plea; Diana M. Boyar, J. at sentencing), rendered September 20, 2013, modified, as a matter of discretion in the interest of justice, to the extent of reducing the conviction to disorderly conduct, and reducing the sentence to time served.
The misdemeanor information charging theft of services (see Penal Law § 165.15[3]) was not jurisdictionally defective. Defendant's intent to unlawfully obtain subway service is reasonably inferred from the surrounding circumstances of his actions (see People v Bracey, 41 NY2d 296, 301 [1977]), including his entry into the subway system "without paying the required fare, by jumping over a turnstile" (see People v Barlow, 46 Misc 3d 148[A], 2015 NY Slip Op 50237[U] [App Term, 1st Dept 2015], lv denied 25 NY3d 1069 [2015]; People v Mann, 53 Misc 3d 128[A], 2016 NY Slip Op 51344[U] [App Term, 1st Dept 2016]; see also People v Pin, 41 Misc 3d 128[A], 2013 NY Slip Op 51681[U] [App Term, 1st Dept 2013], affd on other grounds sub nom People v Matthew P., 26 NY3d 332 [2015]).
At the August 13, 2012 plea proceeding, the court promised defendant that he could withdraw his plea to the charged offense and replead to disorderly conduct, a violation, if "you stay out of trouble for one year."
On September 20, 2013, the court denied defendant the opportunity to replead because (1) he failed to appear on the August 12, 2013 scheduled court date, resulting in the issuance of a bench warrant, and (2) received a desk appearance ticket on July 3, 2013, for criminal possession of marijuana in the fifth degree and unlawful possession of marijuana.
The transcript of the August 2012 plea proceeding does not indicate that defendant was informed that if he failed to appear on a subsequent court date, he would be deprived of the right to replead to the lesser charge (see People v Curcio, 276 AD2d 639 [2000]; People v Hendricks, 270 AD2d 944 [2000]). Although the People are correct that defendant failed to preserve this [*2]contention for our review (see People v Ramirez, 210 AD2d 56 [1994], lv denied 84 NY2d 1037 [1995]), we nevertheless exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15[6][a]; People v Fortner, 23 AD3d 1058 [2005]) and conclude that the court should not have denied repleader based upon defendant's breach of a condition that was not part of the plea agreement (see People v Jenkins, 11 NY3d 282, 290 [2008] ["a court does not have discretion to unilaterally impose conditions that were not originally agreed upon by the parties or reasonably understood to be part of the [plea] agreement"]; People v Kinch, 15 AD3d 780 [2005]).
We also agree with defendant that there was no competent proof of the legitimacy of the postplea marijuana arrest. Indeed, the People conceded below that the Bronx County District Attorney declined to prosecute the marijuana charges because the arresting officer "didn't respond in a timely fashion to the Bronx request for him to come down and complete the DAT." The court should not have relied upon the hearsay allegations contained in the affidavit of the Bronx prosecutor as to the circumstances of the arrest (see People v McClemore, 276 AD2d 32, 36 [2000]). Defense counsel's objections preserved the issue for our review and, in any event, even if the issue was unpreserved, we would exercise our power to review it as a matter of discretion in the interest of justice. In the circumstances, neither the August 12, 2013 nonappearance in court, nor the July 2013 desk appearance ticket warranted the conclusion that defendant forfeited his right to replead to disorderly conduct (see People v Anonymous, 97 AD3d 1 [2012]; People v McGirt, 198 AD2d 101 [1993]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: February 23, 2017