People v Duran (2018 NY Slip Op 00453)





People v Duran


2018 NY Slip Op 00453


Decided on January 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 25, 2018

Acosta, P.J., Renwick, Kapnick, Kahn, Kern, JJ.


5532 1098/12

[*1]The People of the State of New York, Respondent,
v
Edwin Duran, Defendant-Appellant.


Rosemary Herbert, Office of the Appellate Defender, New York (Stephen R. Strother of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael J. Yetter of counsel), for respondent.



Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered December 10, 2014, convicting defendant, upon his plea of guilty, of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of sixteen years to life, unanimously affirmed.
The court properly adjudicated defendant a persistent violent felony offender. Defendant did not meet his burden of establishing that his 1993 plea conviction was unconstitutionally obtained (see People v Harris, 61 NY2d 9, 15 [1983]).
During the allocution on defendant's 1993 plea to second-degree burglary, defendant offered an "explanation," the gist of which was that he entered the premises at issue for the purpose of obtaining money owed to his wife. Defendant characterizes this explanation as asserting a claim of right defense (see Penal Law § 155.15[1]), thus negating the element of intent to commit a crime. However, the court engaged in a colloquy with defendant that was sufficient to ensure he understood he was admitting that his intent was nevertheless unlawful, because he was not permitted to use self-help to acquire cash in satisfaction of a debt (see People v Green, 5 NY3d 538, 543-544 [2005]).
As a condition of the 1993 plea, the court required defendant to withdraw an unspecified constitutional challenge to a 1987 predicate conviction, the validity of which is not at issue on this appeal. We do not find that this plea condition rendered the plea unconstitutional (see People v McClemore, 276 AD2d 32, 37 [4th Dept 2000]).
Defendant's claim that the 1993 plea was unconstitutionally obtained because the plea court's enumeration of defendant's rights under Boykin v Alabama (395 US 238 [1969]) was deficient, is unpreserved, and we decline to review it in the interest of
justice. As an alternative holding, we find that the record as a whole establishes the voluntariness of the plea (see People v Sougou, 26 NY3d 1052 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 25, 2018
CLERK