# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**59**

**KA 07-00754**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CAL WILLIAMS, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered February 21, 2007. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (three counts), robbery in the second degree (eight counts) and grand larceny in the third degree (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of three counts each of robbery in the first degree (Penal Law § 160.15 [4]) and grand larceny in the third degree (§ 155.35), and eight counts of robbery in the second degree (§ 160.10 [1]), in connection with his participation in three separate bank robberies. In light of the absence of any evidence at the suppression hearing that the police procedures used in creating and presenting photo arrays created a substantial likelihood that defendant was singled out for identification, we reject defendant's contention that County Court erred in refusing to suppress the identification testimony presented at trial (*see generally People v Chipp*, 75 NY2d 327, 335-336, *cert denied* 498 US 833; *People v Martinez*, 298 AD2d 897, 897-898, *lv denied* 98 NY2d 769, *cert denied* 538 US 963, *reh denied* 539 US 911). To the extent that defendant's contention with respect to the alleged insufficiency of the evidence to support the conviction is preserved for our review (*see People v Gray*, 86 NY2d 10, 19), we also reject that contention. Contrary to that part of defendant's contention that is preserved for our review, the testimony of the witness who identified defendant as having participated in the second of the three robberies was not incredible as a matter of law, and we note in any event that defense counsel thoroughly cross-examined her on her ability to identify defendant and the jury nevertheless credited her testimony (*see People v Baker*, 30 AD3d 1102, 1102-1103,

*lv denied* 7 NY3d 846).  Further, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We agree with defendant, however, that the aggregate consecutive sentence of imprisonment of 150 years is unduly harsh and severe in light of the absence of any violence or injuries sustained during the robberies.  Because that aggregate consecutive sentence is reduced by operation of law to an aggregate maximum term of 50 years pursuant to Penal Law § 70.30 (1) (e) (vi), however, we see no reason to modify the sentence.

Entered:  February 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court