# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**441**

**KA 10-00012**

PRESENT: SCUDDER, P.J., SMITH, LINDLEY, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

MARVIN J. SNYDER, DEFENDANT-APPELLANT.

---

CHARLES J. GREENBERG, BUFFALO, FOR DEFENDANT-APPELLANT.

BARRY L. PORSCH, DISTRICT ATTORNEY, WATERLOO, FOR RESPONDENT.

---

Appeal from a judgment of the Seneca County Court (Dennis F. Bender, J.), rendered December 21, 2009. The judgment convicted defendant, upon a jury verdict, of gang assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of gang assault in the first degree (Penal Law § 120.07), defendant contends that County Court abused its discretion in consolidating for trial defendant's indictment with those of two codefendants. We reject that contention. All three codefendants were part of a group that assaulted the same victim, and the evidence against them was virtually identical. Contrary to defendant's contention, there were no irreconcilable conflicts between the various defense theories (*see generally People v Mahboubian*, 74 NY2d 174, 184-185; *People v Roland*, 283 AD2d 965, *lv denied* 96 NY2d 924). Although none of the codefendants testified at trial, the primary defense of defendant and one of the codefendants was that another individual who was not a defendant in the case had alone caused the victim's injuries by repeatedly stomping on his head. The remaining codefendant claimed that she was not anywhere near the victim when he was beaten. Defendant also raised a justification defense, but that defense was not inconsistent with any of the other defenses asserted at trial. Moreover, the three codefendants did not accuse each other of the crime, and none of their attorneys acted as a second prosecutor against another codefendant. Under the circumstances, we conclude that the court did not abuse its discretion in consolidating the indictments for trial (*see People v Buccina*, 62 AD3d 1252, 1253, *lv denied* 12 NY3d 913; *People v Wilburn*, 50 AD3d 1617, 1618, *lv denied* 11 NY3d 742).

We reject the further contention of defendant that the evidence is legally insufficient to establish that he caused the victim's

injuries (*see generally People v Bleakley*, 69 NY2d 490, 495). Two prosecution witnesses testified that they observed defendant beating or kicking the victim as he lay defenseless on the ground. Another witness testified that defendant was among a group of people that surrounded the victim during the beating, although she admitted that she was uncertain which individuals took part in the beating. Defense counsel vigorously attacked the credibility of those witnesses, but it cannot be said that the testimony in question is incredible as a matter of law (*see People v Williams*, 81 AD3d 1281; *People v Nilsen*, 79 AD3d 1759). Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that there was a " 'valid line of reasoning and permissible inferences [that] could lead a rational person' to convict" defendant of gang assault in the first degree (*People v Santi*, 3 NY3d 234, 246, quoting *People v Williams*, 84 NY2d 925, 926). In addition, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see Bleakley*, 69 NY2d at 495).

Given the serious nature of the injuries inflicted upon the victim, who sustained permanent brain damage, and considering defendant's criminal history, we conclude that the sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that they lack merit.

Entered: May 6, 2011                                    Patricia L. Morgan
                                                       Clerk of the Court