[952 NE2d 1004, 929 NYS2d 12]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAZZMONE BROWN, Appellant.

Argued April 26, 2011; decided June 7, 2011

*Legal Aid Bureau of Buffalo, Inc.*, Buffalo (*Timothy P. Murphy, David C. Schopp* and *Barbara J. Davies* of counsel), for appellant.

*Frank A. Sedita, III, District Attorney*, Buffalo (*Matthew B. Powers* and *Donna A. Milling* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Defendant Jazzmone Brown was convicted, after a jury trial, of murder in the second degree and other crimes, for the shooting of Salomon DeJesus, in Buffalo in 2002.

Defendant's principal argument on appeal is that his trial counsel's failure to object to certain remarks made by the prosecutor in summation constituted ineffective assistance of counsel and deprived him of a fair trial. The People do not contest defendant's characterization of the remarks as an improper "safe streets" appeal—one that attempts to obtain a conviction unfairly, by suggesting to the jury that the community must be protected from the defendant (*see People v Galloway*, 54 NY2d 396, 401 [1981]). The People also concede that the prosecutor's suggestion that defendant sold drugs was irrelevant and not inferable from the evidence. However, the People insist that reversal is not warranted, and we agree.

To prevail on his ineffective assistance of counsel claim on the basis of this single failure to object, defendant must show both that the objection omitted by trial counsel is a winning argument, here one that would have required a mistrial (*see People v Turner*, 5 NY3d 476, 481 [2005]), and that the objection was one that no reasonable defense lawyer, in the context

of the trial, could have thought to be "not worth raising" (*id.*). In this case defendant failed to meet his burden of demonstrating a lack of strategic or other legitimate reasons for his defense lawyer's failure to object (*People v Rivera*, 71 NY2d 705, 709 [1988]). It is entirely plausible that counsel chose not to object because the prosecutor's remarks impugned the People's witnesses as well as defendant and therefore were consistent with his own theory that the People's witnesses were simply not credible. It was their veracity, not defendant's, that was at issue.

■ Defendant also challenges the lineup in which he was identified by two witnesses as unduly suggestive. However, the fact that the witnesses knew that the suspect whom they had tentatively identified from a photographic array would be in a lineup did not, under the circumstances of this case, "present a serious risk of influencing the [witnesses'] identification of defendant from the lineup" (*People v Rodriguez*, 64 NY2d 738, 741 [1984]).

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed in a memorandum.