# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1351**

**KA 11-02443**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

CALVIN K. JOHNSON, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (WILLIAM PIXLEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

CALVIN K. JOHNSON, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered October 6, 2011. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence imposed for murder in the second degree to an indeterminate term of incarceration of 15 years to life and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count each of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]), and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). We reject defendant's contention that County Court erred in denying his request to charge the defense of justification. "A trial court must charge the factfinder on the defense of justification 'whenever there is evidence to support it' . . . Viewing the record in the light most favorable to the defendant, a court must determine whether any reasonable view of the evidence would permit the factfinder to conclude that the defendant's conduct was justified. If such evidence is in the record, the court must provide an instruction on the defense" (*People v Petty*, 7 NY3d 277, 284; *see People v Cox*, 92 NY2d 1002, 1004; *People v Hunt*, 244 AD2d 956, 957, *lv denied* 91 NY2d 926). Where deadly physical force is used, the evidence must establish that the defendant reasonably believed that he was in imminent danger of being subjected to deadly physical force, and that he had satisfied

his duty to retreat, or was under no such duty (*see People v Goetz*, 68 NY2d 96, 106; *see also* Penal Law § 35.15 [2]).  Here, we conclude that there is no reasonable view of the evidence from which the factfinder could have found that defendant's actions were justified.  It was undisputed that defendant came out of his mother's house and shot the shirtless, unarmed victim three times as the victim stood with a group of people outside the fence enclosing the front yard of the home.  During his video-recorded interview with the police, which was received in evidence, defendant admitted that he never observed anyone in the victim's group using or about to use deadly physical force (*see People v Saenz*, 27 AD3d 379, 380, *lv denied* 7 NY3d 762).

We reject defendant's further contention that the court erred in denying his request to charge the defense of justification with respect to criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]).  It is well settled that the defense of justification does not apply to that crime (*see People v Pons*, 68 NY2d 264, 265; *People v Almodovar*, 62 NY2d 126, 129-130).

We agree with defendant, however, that the sentence of an indeterminate term of incarceration of 25 years to life for the murder conviction is unduly harsh and severe under the circumstances of this case.  This Court "has broad, plenary power to modify a sentence that is unduly harsh or severe under the circumstances, even though the sentence may be within the permissible statutory range" (*People v Delgado*, 80 NY2d 780, 783; *see* CPL 470.15 [6] [b]).  That "sentence-review power may be exercised, if the interest of justice warrants, without deference to the sentencing court" (*Delgado*, 80 NY2d at 783).  As a result, we may "substitute our own discretion for that of a trial court which has not abused its discretion in the imposition of a sentence" (*People v Suitte*, 90 AD2d 80, 86; *see People v Patel*, 64 AD3d 1246, 1247).  We conclude that a reduction in the sentence imposed on the murder count is appropriate under the circumstances presented here and, as a matter of discretion in the interest of justice, we therefore modify the judgment by reducing the sentence imposed on that count to an indeterminate term of incarceration of 15 years to life (*see* CPL 470.20 [6]).

We have considered the contentions in defendant's pro se supplemental brief and conclude that none requires reversal or further modification of the judgment.

Entered:  February 11, 2016                    Frances E. Cafarell
                                               Clerk of the Court