# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**821**

**KA 13-00582**

PRESENT: PERADOTTO, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

RICHARD L. DAVIS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (WILLIAM CLAUSS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered January 31, 2013. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence to a determinate term of incarceration of seven years and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of weapon in the second degree (Penal Law § 265.03 [3]). County Court sentenced defendant to a 12-year term of incarceration plus five years of postrelease supervision. We reject defendant's contention that the court erred in summarily denying that part of his omnibus motion seeking to suppress, as the products of an unlawful search and seizure, a gun that defendant had discarded while he was fleeing from the police and his subsequent statements to the police. It is well settled that a motion to suppress evidence on such a ground may be summarily denied if defendant does not allege a proper legal basis for suppression or if the "sworn allegations of fact do not as a matter of law support the ground alleged" (CPL 710.60 [3] [b]; *see People v Mendoza*, 82 NY2d 415, 421). "Hearings are not automatic or generally available for the asking by boilerplate allegations. Rather, . . . factual sufficiency [is to] be determined with reference to the face of the pleadings, the context of the motion and defendant's access to information" (*Mendoza*, 82 NY2d at 422; *see People v Jones*, 95 NY2d 721, 725).

Here, defendant failed to include in his motion papers sworn allegations of fact taking issue with the People's assertion that the attempted stop of defendant was predicated on the officers'

observation that he was riding a bicycle without a bell or other audible signal device, in violation of Vehicle and Traffic Law § 1236 (b) (*see generally People v Robinson*, 97 NY2d 341, 348-349; *People v Ingle*, 36 NY2d 413, 419-420).  Moreover, despite being afforded the opportunity to supplement his motion papers, defendant also failed to address the People's assertions that the officers' subsequent pursuit and arrest of defendant was lawful given that defendant, upon being approached by the officers, dropped his bicycle and fled through some adjoining residential yards, thereby elevating the suspicion of the police; that, during the ensuing lawful pursuit by the police, defendant discarded the gun that he was carrying, thereby abandoning the gun for the purpose of Fourth Amendment analysis; and that the police, almost immediately after apprehending and detaining defendant for the traffic violation, discovered and seized the gun, thereby acquiring probable cause to arrest defendant (*see generally People v Sierra*, 83 NY2d 928, 929-930; *People v Martinez*, 80 NY2d 444, 447-448; *People v Simmons*, 133 AD3d 1275, 1276-1277, *lv denied* 27 NY3d 1006; *People v Wilson*, 49 AD3d 1224, 1224-1225, *lv denied* 10 NY3d 966). Inasmuch as defendant and his counsel merely set forth conclusory allegations of defendant's lawful behavior and of the absence of any justification for the police to stop, pursue, and arrest defendant, the defense failed to raise any factual issue requiring a suppression hearing (*see Mendoza*, 82 NY2d at 426-433; *People v King*, 137 AD3d 1572, 1573, *lv denied* 27 NY3d 1134; *People v Battle*, 109 AD3d 1155, 1157, *lv denied* 22 NY3d 1038; *People v Caldwell*, 78 AD3d 1562, 1563, *lv denied* 16 NY3d 796).

We agree with defendant, however, that the imposition of a determinate term of incarceration of 12 years is unduly harsh and severe under the circumstances of this case.  We note that our "sentence-review power may be exercised, if the interest of justice warrants, without deference to the sentencing court" (*People v Delgado*, 80 NY2d 780, 783), and that we may "substitute our own discretion for that of a trial court which has not abused its discretion in the imposition of a sentence" (*People v Suitte*, 90 AD2d 80, 86; *see People v Johnson*, 136 AD3d 1417, 1418, *lv denied* 27 NY3d 1134).  We conclude that a reduction in the sentence is appropriate and, as a matter of our discretion in the interest of justice, we modify the judgment by reducing the sentence to a determinate term of incarceration of seven years (*see* CPL 470.20 [6]; *Johnson*, 136 AD3d at 1418), to be followed by the five years of postrelease supervision imposed by the court.

Entered:  September 30, 2016                Frances E. Cafarell
                                           Clerk of the Court