SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**182**
**KA 14-01214**
PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

TERRANCE FOREST, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered February 5, 2014. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence to a determinate term of incarceration of 10 years and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the second degree (Penal Law § 160.10 [2] [b]). We agree with defendant that his waiver of the right to appeal, even if valid, "does not foreclose review of [his] contention that he was denied due process in the hearing conducted to determine if he violated a condition of the plea agreement," thereby warranting the imposition of an enhanced sentence (*People v Butler*, 49 AD3d 894, 895, *lv denied* 10 NY3d 932, *reconsideration denied* 11 NY3d 830; *see People v Scott*, 101 AD3d 1773, 1773, *lv denied* 21 NY3d 1019; *People v Peck*, 90 AD3d 1500, 1501). We further conclude that defendant's contention that County Court failed to conduct a sufficient inquiry pursuant to *People v Outley* (80 NY2d 702) to determine whether there was a legitimate basis for defendant's post plea arrest is reviewable inasmuch as "his arguments regarding the alleged sentencing error are readily discernible from the hearing transcript" (*People v Albergotti*, 17 NY3d 748, 750). On the merits, however, we reject that contention. The record establishes that "there was a sufficient inquiry made to support 'the existence of a legitimate basis for the arrest' " (*People v Fumia*, 104 AD3d 1281, 1281-1282, *lv denied* 21 NY3d 1004, quoting *Outley*, 80 NY2d at 713; *see People v Ayen*, 55 AD3d 1305, 1306). Although defendant stated during the *Outley* hearing that he was not involved in the robbery that led to the postplea arrest, the fact "[t]hat the court chose not to credit

defendant's account of events is not a ground for reversal" (*Albergotti*, 17 NY3d at 750).

We agree with defendant that the waiver of the right to appeal is invalid because the minimal inquiry made by the court was "insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Box*, 96 AD3d 1570, 1571, *lv denied* 19 NY3d 1024 [internal quotation marks omitted]). Indeed, on this record there is no basis upon which to conclude that the court ensured "that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256).

We also agree with defendant that the imposition of a determinate term of incarceration of 15 years, the maximum allowed for a class C violent felony, is unduly harsh and severe under the circumstances of this case. We note that our "sentence-review power may be exercised, if the interest of justice warrants, without deference to the sentencing court" (*People v Delgado*, 80 NY2d 780, 783), and that we may " 'substitute our own discretion for that of a trial court which has not abused its discretion in the imposition of a sentence' " (*People v Johnson*, 136 AD3d 1417, 1418, *lv denied* 27 NY3d 1134). We conclude that a reduction in the sentence is appropriate and, as a matter of discretion in the interest of justice, we modify the judgment by reducing the sentence to a determinate term of incarceration of 10 years (*see* CPL 470.20 [6]; *Johnson*, 136 AD3d at 1418), to be followed by the five years of postrelease supervision imposed by the court.

Entered:  March 24, 2017                         Frances E. Cafarell
                                                 Clerk of the Court