■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHANIE A. MEACHAM, Appellant. (Appeal No. 1.) [57 NYS3d 279]—

Appeal from a judgment of the Seneca County Court (Dennis F. Bender, J.), rendered December 21, 2009. The judgment convicted defendant, upon a jury verdict, of gang assault in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence to a determinate term of incarceration of 10 years and as modified the judgment is affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting her following a jury verdict of gang assault in the first degree (Penal Law § 120.07). Following that conviction, defendant, in appeal No. 2, entered a plea of guilty to attempted assault in the second degree (§§ 110.00, 120.05

[2]), with a promise that the sentence in appeal No. 2 would run concurrently with the sentence in appeal No. 1. The only contention raised with respect to appeal No. 2 is that, if the judgment in appeal No. 1 is reversed, then the judgment in appeal No. 2 must be reversed also (*see generally People v Pichardo*, 1 NY3d 126, 129 [2003]). For the reasons that follow, we conclude that the judgment in appeal No. 1 should be modified as a matter of discretion in the interest of justice with respect to the sentence only, and as modified, affirmed. As a result, there is no basis to reverse the judgment in appeal No. 2.

Defendant contends that County Court abused its discretion in consolidating for trial defendant's indictment in appeal No. 1 with those of the two codefendants. We reject that contention for the same reasons we rejected that contention on the appeal of one of her codefendants (*People v Snyder*, 84 AD3d 1710, 1711 [2011], *lv denied* 17 NY3d 810 [2011]). Defendant and her two codefendants "were part of a group that assaulted the same victim" and, although defendant's role in the victim's injuries was significantly less than those of her codefendants, the evidence against the three codefendants "was virtually identical" (*id.*). Moreover, "there were no irreconcilable conflicts between the various defense theories . . . [;] none of the codefendants testified at trial . . . [;] [the] defense [of justification for one codefendant] was not inconsistent with any of the other defenses asserted at trial[;] . . . the three codefendants did not accuse each other of the crime[;] and none of their attorneys acted as a second prosecutor against another codefendant" (*id.*; *see generally People v Mahboubian*, 74 NY2d 174, 184-185 [1989]). Defendant contends for the first time on appeal that the jury's reception of the evidence against her was affected by the fact that she was the only woman on trial, and that contention is therefore not preserved for our review (*see People v Osborne*, 88 AD3d 1284, 1285 [2011], *lv denied* 19 NY3d 999 [2012], *denied reconsideration* 19 NY3d 1104 [2012]; *People v Wooden*, 296 AD2d 865, 866 [2002], *lv denied* 99 NY2d 541 [2002]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant further contends that she was denied her right to an impartial jury based on an allegedly improper comment made by the prosecutor during jury selection. That contention is not preserved for our review inasmuch as defense counsel "fail[ed] to request any further relief after the court sustained his objection" (*People v Reyes*, 34 AD3d 331, 331 [2006], *lv denied* 8 NY3d 884 [2007]). We decline to exercise our power to

review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

At the close of the People's case, defense counsel made a motion for a trial order of dismissal, contending that the evidence was legally insufficient to establish that defendant was "actually present" during the gang assault (Penal Law § 120.07). Defense counsel renewed that motion following the close of defendant's proof, stating, "I also renew my motion to dismiss based on the legal insufficiency of the evidence." Contrary to the People's contention, defense counsel's renewal, directly referencing the earlier motion, is sufficient to preserve for our review his contention that the evidence is legally insufficient to establish that defendant was actually present for the gang assault (*cf. People v Maynard*, 143 AD3d 1249, 1250 [2016], *lv denied* 28 NY3d 1148 [2017]; *see generally People v Hines*, 97 NY2d 56, 61-62 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Gray*, 86 NY2d 10, 19 [1995]). We nevertheless conclude that defendant's contention lacks merit. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to establish that defendant was "in the immediate vicinity of the crime, and [was] capable of rendering immediate assistance to an individual committing the crime" (*People v Sanchez*, 13 NY3d 554, 564 [2009], *rearg denied* 14 NY3d 750 [2010]; *see* § 120.07; *People v Varughese*, 21 AD3d 1126, 1128 [2005], *lv denied* 6 NY3d 782 [2006]).

Defendant further contends that the evidence is legally insufficient to support the conviction on the ground that there was no evidence she intended to cause serious physical injury to the victim. We note, however, that defendant's motion for a trial order of dismissal was not "specifically directed" at that alleged deficiency in the proof (*Gray*, 86 NY2d at 19). In any event, that contention also lacks merit. It is well settled that "[a] defendant may be presumed to intend the natural and probable consequences of his[or her] actions . . . , and [i]ntent may be inferred from the totality of conduct of the accused" (*People v Mahoney*, 6 AD3d 1104, 1104 [2004], *lv denied* 3 NY3d 660 [2004] [internal quotation marks omitted]; *see generally People v Steinberg*, 79 NY2d 673, 684-685 [1992]). Here, after viewing the evidence in the light most favorable to the People (*see Contes*, 60 NY2d at 621), we conclude that the evidence was sufficient to establish intent "based on evidence of defendant's conduct before, during and after the [beating] of the victim" (*People v Davis*, 300 AD2d 78, 78 [2002], *lv denied* 99 NY2d 627 [2003]). We further conclude, after viewing the evi-

dence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), that the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *Snyder*, 84 AD3d at 1712; *People v Meacham*, 84 AD3d 1713, 1715 [2011], *lv denied* 17 NY3d 808 [2011]).

With respect to defendant's contention that she was denied effective assistance of counsel, "we note that the constitutional right to effective assistance of counsel 'does not guarantee a perfect trial, but assures the defendant a fair trial' " (*People v Ennis*, 107 AD3d 1617, 1620 [2013], *lv denied* 22 NY3d 1040 [2013], *denied reconsideration* 23 NY3d 1036 [2014], quoting *People v Flores*, 84 NY2d 184, 187 [1994]). Defense counsel made appropriate motions, effectively cross-examined the People's witnesses, and pursued a viable defense strategy. In our view, defense counsel made reasonable strategic decisions in an "unsuccessful attempt[ ] to advance the best possible defense" (*People v Henry*, 95 NY2d 563, 565 [2000]). We thus conclude that "the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]). To the extent that defendant contends that defense counsel was ineffective in advising her on whether to accept the plea offer, that contention involves matters outside the record and must be raised by way of a motion pursuant to CPL article 440 (*see People v Carver*, 124 AD3d 1276, 1280 [2015], *affd* 27 NY3d 418 [2016]; *People v Santiago*, 118 AD3d 1032, 1033 [2014]).

To the extent that defendant preserved for our review her additional contention that she was denied a fair trial by prosecutorial misconduct (*see* CPL 470.05 [2]), we conclude that it lacks merit. "The alleged misconduct was 'not so egregious as to deprive defendant of a fair trial' " (*People v Astacio*, 105 AD3d 1394, 1396 [2013], *lv denied* 22 NY3d 1154 [2014]).

With respect to her sentence, defendant contends that she was penalized for exercising her right to trial inasmuch as the sentence imposed after trial was much greater than the sentence proposed in the pretrial plea offer. Inasmuch as defendant failed to raise that contention at sentencing, she failed to preserve it for our review (*see People v Grace*, 145 AD3d 1462, 1463-1464 [2016]; *People v Stubinger*, 87 AD3d 1316, 1317 [2011], *lv denied* 18 NY3d 862 [2011]). In any event, we conclude that the contention lacks merit. "The mere fact that a sentence imposed after trial is greater than that offered in con-

nection with plea negotiations is not proof that defendant was punished for asserting his [or her] right to trial . . . , and there is no evidence in the record that the sentencing court was vindictive" (*People v Thomas*, 60 AD3d 1341, 1343 [2009], *lv denied* 12 NY3d 921 [2009] [internal quotation marks omitted]; *see Stubinger*, 87 AD3d at 1317).

Finally, we agree with defendant that the imposition of a determinate term of incarceration of 13 years is unduly harsh and severe. It is well settled that our "sentence-review power may be exercised, if the interest of justice warrants, without deference to the sentencing court" (*People v Delgado*, 80 NY2d 780, 783 [1992]), and that we may " 'substitute our own discretion for that of a trial court which has not abused its discretion in the imposition of a sentence' " (*People v Johnson*, 136 AD3d 1417, 1418 [2016], *lv denied* 27 NY3d 1134 [2016]). We conclude that a reduction in the sentence is appropriate and, as a matter of discretion in the interest of justice, we modify the judgment by reducing the sentence to a determinate term of incarceration of 10 years (*see* CPL 470.20 [6]; *Johnson*, 136 AD3d at 1418), to be followed by the five years of postrelease supervision imposed by the court. Present—Carni, J.P., Lindley, DeJoseph, Curran and Troutman, JJ.