People v Odusanya (2025 NY Slip Op 00776)

People v Odusanya

2025 NY Slip Op 00776

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

943 KA 23-00688

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LATEEF ODUSANYA, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered February 2, 2023. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree, robbery in the second degree (two counts) and grand larceny in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of one count of burglary in the first degree (Penal Law § 140.30 [2]), two counts of robbery in the second degree (§ 160.10 [2] [a], [b]), and one count of grand larceny in the third degree (§ 155.35 [1]). The conviction arises from allegations that defendant, his codefendant brother, and another person committed a home invasion robbery at an apartment during which the victim was struck and sustained, among other things, a broken nose. We affirm.
Defendant contends that County Court abused its discretion in granting the People's motion to consolidate for trial the indictments of defendant and codefendant (see CPL 200.40 [2]). Contrary to the People's assertion, defendant preserved his contention for appellate review by objecting to consolidation on the same ground that he now advances (see CPL 470.05 [2]; People v Chestnut, 19 NY3d 606, 611 n 2 [2012]). We nonetheless conclude that defendant's contention lacks merit. Defendant and codefendant were identified as part of a group that committed the home invasion robbery against the victim, and "the evidence against them was virtually identical" (People v Snyder, 84 AD3d 1710, 1711 [4th Dept 2011], lv denied 17 NY3d 810 [2011]; see generally People v Mahboubian, 74 NY2d 174, 183 [1989]). "Although the proof against defendant was not quite as strong as the proof against . . . codefendant, '[t]hat the evidence against one of two or more jointly tried defendants may be stronger than the evidence against another hardly is unusual and does not afford the latter with an adequate ground' " to demonstrate that the court abused its discretion in consolidating the indictments for trial (People v Moore, 223 AD3d 1085, 1093-1094 [3d Dept 2024], lv denied 41 NY3d 1003 [2024]; see People v Peisahkman, 29 AD3d 352, 353 [1st Dept 2006]; People v Newton, 232 AD2d 429, 430 [2d Dept 1996], lv denied 89 NY2d 945 [1997]; see generally Mahboubian, 74 NY2d at 183).
Defendant's further contention that he was denied his constitutional right to a speedy trial is not preserved for our review inasmuch as he sought to dismiss the indictment on statutory speedy trial grounds only (see People v McTyere, 215 AD3d 1274, 1275 [4th Dept 2023], lv denied 40 NY3d 935 [2023]; People v Minwalkulet, 198 AD3d 1290, 1292-1293 [4th Dept 2021], lv denied 37 NY3d 1147 [2021]). In any event, defendant's contention lacks merit. Upon our review of the record in light of the relevant factors (see People v Taranovich, 37 NY2d 442, 445 [1975]), we conclude that those factors would have compelled denial of a motion based on defendant's constitutional right to a speedy trial (see People v Works, 211 AD3d 1574, 1575 [4th Dept 2022], lv denied 39 NY3d 1114 [2023]; Minwalkulet, 198 AD3d at 1293).
Defendant next contends that the court erred in refusing to dismiss the indictment on statutory speedy trial grounds (see CPL 30.30). In particular, defendant contends that the People's belated disclosure of the name of a witness purportedly known to have information relevant to the offenses charged (see CPL 245.20 [1] [c]), which was made via a second supplemental certificate of compliance served and filed shortly before trial, rendered their original and first supplemental certificates of compliance improper, and thereby rendered any statement of trial readiness pursuant to CPL 30.30 illusory and insufficient to stop the running of the speedy trial clock. We reject that contention.
"[T]he key question in determining if a proper [certificate of compliance] has been filed is whether the prosecution has 'exercis[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery' " (People v Bay, 41 NY3d 200, 211 [2023], quoting CPL 245.50 [1]; see also CPL 245.20 [2]; 245.50 [3]). "Although the statute nowhere defines 'due diligence,' it is a familiar and flexible standard that requires the People 'to make reasonable efforts' to comply with statutory directives" (Bay, 41 NY3d at 211). "Reasonableness, then, is the touchstone" (id. at 211-212). "An analysis of whether the People made reasonable efforts sufficient to satisfy CPL article 245 is fundamentally case-specific, as with any question of reasonableness, and will turn on the circumstances presented" (id. at 212). Although "[t]here is no rule of 'strict liability' " and thus "the statute does not require or anticipate a 'perfect prosecutor[,]' . . . the plain terms of the statute make clear that while good faith is required, it is not sufficient standing alone and cannot cure a lack of diligence" (id.). In assessing due diligence, "courts should generally consider, among other things, the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery" (id.).
Even assuming, arguendo, that the identity of the witness—i.e., an associate at a store in a mall who completed a transaction with defendant and codefendant the day after the offenses—was subject to automatic discovery under CPL 245.20 (1) (c), we conclude, upon our review of the relevant factors, that the People met their burden of establishing that they had "exercise[d] due diligence and made reasonable inquiries prior to filing the [original and first supplemental certificates of compliance] despite a belated or missing disclosure" (Bay, 41 NY3d at 213; see People v Lawrence, 231 AD3d 1497, 1499-1500 [4th Dept 2024]; People v Watkins, 224 AD3d 1342, 1344 [4th Dept 2024], lv denied 41 NY3d 986 [2024]). The record establishes that, in this somewhat complex case involving multiple perpetrators and a lengthy investigation, the People made reasonable efforts to comply with the statutory requirements and disclosed to defendant voluminous discovery material (see Lawrence, 231 AD3d at 1500). Although a single police report may have mentioned that an officer spoke with an associate at the store during the course of the investigation, the prosecutor adequately explained that the witness's name was not included in any police report, that it appeared from the police reports that the store manager had interacted with defendant and codefendant, and that only upon trial preparation with the manager did the prosecutor learn the name of the associate who had actually handled the transaction, at which point he immediately disclosed that information to defendant (see Watkins, 224 AD3d at 1344; see generally Bay, 41 NY3d at 212). Given the voluminous discovery actually produced and the content of the police reports, it would not have been particularly obvious to the People that the associate was a witness whose name was missing (see Lawrence, 231 AD3d at 1500; Watkins, 224 AD3d at 1344). Based on the foregoing, we conclude that the court did not err in refusing to dismiss the indictment pursuant to CPL 30.30 based on the belated disclosure of the associate's name.
Defendant failed to preserve for our review his related contention that the People's second supplemental certificate of compliance failed to comply with CPL 245.50 (1-a) (see CPL 245.50 [4] [a]; 470.05 [2]; People v Newton, 221 AD3d 1551, 1553 [4th Dept 2023], lv denied 40 NY3d 1093 [2024]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant also contends that he was denied effective assistance of counsel by the purported failure of defense counsel to join the request of codefendant's attorney to preclude the testimony of the witness due to the belated disclosure. We reject that contention. "To prevail on [*2]his ineffective assistance of counsel claim on the basis of this single failure to object, defendant must show both that the objection omitted by trial counsel is a winning argument . . . , and that the objection was one that no reasonable defense lawyer, in the context of the trial, could have thought to be 'not worth raising' " (People v Brown, 17 NY3d 742, 743-744 [2011]; see People v Bullock, 213 AD3d 1351, 1355 [4th Dept 2023], lv denied 40 NY3d 933 [2023]). Here, even assuming, arguendo, that defense counsel did not join codefendant's request, we conclude that defendant has "failed to meet his burden of demonstrating a lack of strategic or other legitimate reasons for his defense lawyer's failure to object" (Brown, 17 NY3d at 744; see Bullock, 213 AD3d at 1355).
Next, contrary to defendant's contention, we conclude that the People presented evidence—including the testimony of the victim, the victim's medical records, and photographs of the victim's injuries—that was legally sufficient to establish that the victim suffered the requisite "[p]hysical injury" as defined in Penal Law § 10.00 (9) to support defendant's conviction of burglary in the first degree (Penal Law § 140.30 [2]) and robbery in the second degree (§ 160.10 [2] [a]; see People v McKoy, 217 AD3d 1410, 1410 [4th Dept 2023], lv denied 40 NY3d 998 [2023]; People v Vives, 1 AD3d 1014, 1015 [4th Dept 2003]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (see People v Settles, 192 AD3d 1510, 1511-1512 [4th Dept 2021], lv denied 37 NY3d 960 [2021]; see generally Bleakley, 69 NY2d at 495). Even assuming, arguendo, that a different verdict would not have been unreasonable, we conclude that it cannot be said that the jury failed to give the evidence the weight it should be accorded (see Settles, 192 AD3d at 1512; see generally Bleakley, 69 NY2d at 495).
Finally, we reject defendant's contention that the sentence is unduly harsh and severe.
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court