People v Santana (2025 NY Slip Op 02701)

People v Santana

2025 NY Slip Op 02701

Decided on May 2, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, NOWAK, AND HANNAH, JJ.

362 KA 19-01796

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHN SANTANA, DEFENDANT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (FABIENNE N. SANTACROCE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AMY N. WALENDZIAK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered September 9, 2019. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (two counts) and robbery in the second degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the determinate term of imprisonment imposed for each of the two counts of robbery in the first degree to a term of 10 years, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of robbery in the first degree (Penal Law § 160.15 [4]) and three counts of robbery in the second degree (§ 160.10 [1], [3]). The conviction stems from the armed robbery of four individuals during which defendant and an accomplice took cell phones, cash, jewelry, and a vehicle.
Although defendant failed to preserve for our review his contention that his conviction for robbery in the second degree related to the vehicle is based on legally insufficient evidence of larcenous intent, because his motion for a trial order of dismissal was not specifically directed at the alleged error raised on appeal (see People v Gray, 86 NY2d 10, 19 [1995]; People v Piasta, 207 AD3d 1054, 1057-1058 [4th Dept 2022], lv denied 38 NY3d 1190 [2022]), we "necessarily review the evidence adduced as to each of the elements of the crime[ ] in the context of our review of defendant's challenge [to] the weight of the evidence" (People v McGuire, 227 AD3d 1499, 1500 [4th Dept 2024], lv denied 42 NY3d 971 [2024] [internal quotation marks omitted]). Here, the evidence established that defendant approached the victims with a gun, removed car keys from the person of one of the victims, and fled from the crime scene in that victim's car. We conclude that the verdict on the charge of robbery in the second degree related to the vehicle is not against the weight of the evidence with respect to the element of defendant's "intent to deprive the [victim] of [his] vehicle within the meaning of Penal Law § 155.00 (3)" (People v Hickey, 171 AD3d 1465, 1465 [4th Dept 2019], lv denied 33 NY3d 1105 [2019] [internal quotation marks omitted]; see Penal Law § 160.00; People v Rolle, 41 AD3d 320, 320 [1st Dept 2007], lv denied 9 NY3d 964 [2007]). The fact that defendant soon abandoned the vehicle "does not vitiate the evidence of defendant's intent" (People v Banchs, 129 AD3d 466, 466 [1st Dept 2015], lv denied 26 NY3d 965 [2015]; see generally People v Barbeau, 198 AD2d 855, 855-856 [4th Dept 1993], lv denied 82 NY2d 921 [1994]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, although a different verdict would not have been unreasonable, the jury did not fail to give the evidence the weight it should be accorded (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We also reject defendant's contention that the verdict is against the weight of the [*2]evidence with respect to the remaining counts. Viewing the evidence in light of the elements of those crimes as charged to the jury (see Danielson, 9 NY3d at 349), we conclude that, although a different verdict would not have been unreasonable, the jury did not fail to give the evidence the weight it should be accorded (see generally Bleakley, 69 NY2d at 495).
Defendant's contention that Supreme Court committed reversible error by failing to instruct the jury on the statutory definitions of the words "deprive" and "appropriate" (see Penal Law § 155.00 [3], [4]) is unpreserved for our review (see CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's contention that he was denied effective assistance of counsel (see generally People v Baldi, 54 NY2d 137, 147 [1981]). We conclude that the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, reveal that defendant received meaningful representation (see People v Benevento, 91 NY2d 708, 712 [1998]; Baldi, 54 NY2d at 147).
We further reject defendant's contention that the court erred by failing to make a sufficient inquiry into his request for substitute counsel and denying his request. Contrary to defendant's contention, the record establishes that the court made more than the requisite minimal inquiry into defendant's objections before properly determining that there was no good cause for the substitution of counsel (see People v Pinkard, 191 AD3d 1333, 1335 [4th Dept 2021], lv denied 36 NY3d 1123 [2021], reconsideration denied 37 NY3d 967 [2021]; see generally People v Porto, 16 NY3d 93, 99-100 [2010]).
Finally, defendant contends that the sentence is unduly harsh and severe. It is well settled that this Court's "sentence-review power may be exercised, if the interest of justice warrants, without deference to the sentencing court" (People v Delgado, 80 NY2d 780, 783 [1992]), and that "we may 'substitute our own discretion for that of a trial court which has not abused its discretion in the imposition of a sentence' " (People v Johnson, 136 AD3d 1417, 1418 [4th Dept 2016], lv denied 27 NY3d 1134 [2016]). Here, the record establishes that defendant, who was 20 years old at the time of the crimes, had a traumatic upbringing and struggled with depression. In addition, we note that the People made a final pretrial plea offer to defendant that included an aggregate sentence of four years' imprisonment. While we recognize the seriousness of the crimes committed by defendant, under the circumstances of this case, we conclude that the sentence imposed is unduly harsh and severe and that a reduction of the aggregate sentence of incarceration is appropriate. We therefore modify the judgment as a matter of discretion in the interest of justice by reducing the determinate term of imprisonment imposed for each of the two counts of robbery in the first degree to a determinate term of 10 years, to be followed by the five-year period of postrelease supervision previously imposed by the court (see CPL 470.15 [6] [b]).
We have reviewed defendant's remaining contentions and conclude that none warrants reversal or further modification of the judgment.
Entered: May 2, 2025
Ann Dillon Flynn
Clerk of the Court