People v Jackson (2026 NY Slip Op 01893)

People v Jackson

2026 NY Slip Op 01893

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., MONTOUR, SMITH, OGDEN, AND DELCONTE,
JJ.

179 KA 23-00585

[*1]THE PEOPLE OF THE STATE OF NEW YORK,
RESPONDENT,
vMICHAEL L. JACKSON, JR., ALSO KNOWN AS MICHAEL L.
JACKSON, ALSO KNOWN AS MICHAEL LOREN JACKSON, JR.,
DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (LEAH N.
FARWELL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
KEVIN T. FINNELL, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL
OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Genesee County Court (Melissa Lightcap Cianfrini,
J.), rendered March 8, 2023. The judgment convicted defendant upon a plea of guilty of
bail jumping in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously
affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him
upon his plea of guilty of bail jumping in the second degree (Penal Law § 215.56).
In appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty in the
same plea proceeding of attempted burglary in the first degree (Penal Law §§
110.00, 140.30 [2]). We affirm in both appeals.
Defendant contends in each appeal that County Court erred in enhancing his sentence
without conducting a sufficient inquiry into his alleged violation of the conditions of the
plea agreement. Specifically, the court concluded that defendant violated the conditions
of the plea when he was arrested for possessing contraband while detained in jail.
Defendant's contention that the court did not conduct a proper inquiry before making that
determination survives even a valid waiver of the right to appeal (see People v Campbell, 244
AD3d 1826, 1827 [4th Dept 2025]; People v Huggins, 45 AD3d 1380, 1380 [4th Dept 2007],
lv denied 9 NY3d 1006 [2007]). On the merits, however, we reject defendant's
contention. The record establishes that "there was a sufficient inquiry made to support 'the
existence of a legitimate basis for the arrest' " (People v Fumia, 104 AD3d 1281, 1281 [4th Dept 2013],
lv denied 21 NY3d 1004 [2013], quoting People v Outley, 80 NY2d 702,
713 [1993]; see People v
Forest, 148 AD3d 1585, 1586 [4th Dept 2017], lv denied 29 NY3d 1091
[2017]). Contrary to defendant's contention, under the circumstances of this case, the
court was not required to conduct an evidentiary hearing, and we further note that "[b]oth
defendant and [defense] counsel were given ample opportunity to refute the . . . assertions
that defendant had violated the plea terms" (People v Albergotti, 17 NY3d 748, 750 [2011]; see
Campbell, 244 AD3d at 1827; People v Scott, 200 AD3d 1729, 1730 [4th Dept
2021]).
Contrary to defendant's further contention in each appeal, we conclude that the record
establishes that defendant knowingly, voluntarily, and intelligently waived his right to
appeal (see People v
Brinkman, 240 AD3d 1431, 1431-1432 [4th Dept 2025], lv denied 44
NY3d 1027 [2025]; see
generally People v Thomas, 34 NY3d 545, 559-564 [2019], cert denied
589 US 1302 [2020]). We note at the outset that the court used the appropriate model
colloquy with respect to the waiver of the right to appeal (see NY Model
Colloquies, Waiver of Right to Appeal; see generally Thomas, 34 NY3d at 567;
People v Edmonds, 229
AD3d 1275, 1277 [4th Dept 2024], [*2]lv
denied 43 NY3d 930 [2025]). Contrary to defendant's assertion, the court properly
explained that defendant retained the right to take an appeal; that his conviction and
sentence would "normally be final" because he was giving up the right to appellate
review of "most claims of error," including the severity of the sentence; and that "a
limited number of claims" would survive the appeal waiver, such as the voluntariness of
the plea, the validity of the appeal waiver, the legality of the sentence, the jurisdiction of
the court, defendant's competency to stand trial, and the constitutional right to a speedy
trial (see Thomas, 34 NY3d at 567; Edmonds, 229 AD3d at 1277).
Additionally, the court's oral colloquy was supplemented by a detailed written waiver
that, inter alia, accurately explained the rights waived and noted that some rights were
retained despite the waiver and, in doing so, used the phrase "waiver of the right to raise
issues on appeal," thereby employing language that "more precisely" reflected that the
waiver merely represented "a narrowing of the issues for appellate review"
(Thomas, 34 NY3d at 559; see Edmonds, 229 AD3d at 1277-1278).
Furthermore, the record establishes that the court ascertained that defendant, "before
signing the written waiver form, had reviewed the contents thereof with [his] attorney and
understood the appellate rights [he] was giving up [and retaining] as a result of the
waiver" (People v Correia,
240 AD3d 1440, 1441-1442 [4th Dept 2025], lv denied 44 NY3d 992 [2025];
cf. People v Bradshaw, 18
NY3d 257, 262 [2011]).
We also reject defendant's contention in each appeal that he did not validly waive his
right to appeal inasmuch as he did not receive consideration for the waiver. To the
contrary, the record establishes that defendant received consideration in exchange for the
waiver inasmuch as the plea agreement resulted in, among other things, defendant
pleading guilty to a reduced charge in full satisfaction of one of the indictments, and
defendant also receiving a sentence promise (see Campbell, 244 AD3d at 1828-
1829; People v Allen, 174
AD3d 1456, 1456 [4th Dept 2019], lv denied 34 NY3d 978 [2019];
People v Frank, 258 AD2d 900, 900 [4th Dept 1999], lv denied 93 NY2d
924 [1999]).
We thus conclude that "all the relevant circumstances reveal a knowing and voluntary
waiver" (Thomas, 34 NY3d at 563; see Edmonds, 229 AD3d at 1278)
and, because the court advised defendant of the maximum sentence that could be imposed
if he violated the plea agreement, that waiver encompasses his further challenge in each
appeal to the severity of the enhanced sentence (see People v Durinko, 239 AD3d 1347, 1348 [4th Dept
2025], lv denied 44 NY3d 993 [2025]; People v Roberto, 224 AD3d 1367, 1368 [4th Dept
2024]).
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court