People v O'Neill
2026 NY Slip Op 04108
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CODY O'NEILL, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
508 KA 22-01211
Present: Lindley, J.P., Montour, Ogden, Nowak, And Delconte, JJ.

LELAND D. MCCORMAC, III, PUBLIC DEFENDER, UTICA (JAMES P. GODEMANN OF COUNSEL), FOR DEFENDANT-APPELLANT.
TODD C. CARVILLE, DISTRICT ATTORNEY, UTICA (MICHAEL A. LABELLA OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Oneida County Court (Robert Bauer, J.), rendered July 29, 2021. The judgment convicted defendant, upon a nonjury verdict, of aggravated harassment of an employee by an incarcerated individual.
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a nonjury trial of aggravated harassment of an employee by an incarcerated individual (Penal Law § 240.32), defendant contends that the evidence is legally insufficient to establish that he intended to throw a cup full of urine and feces at a correction officer, as opposed to at a fellow incarcerated individual who was standing near the officer and serving as a porter while meal trays were being collected. We reject that contention. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that a " 'valid line of reasoning and permissible inferences could lead a rational person to the conclusion' " that defendant intended to harass or annoy the officer by throwing bodily fluids at him (People v Hines, 97 NY2d 56, 62 [2001], rearg denied 97 NY2d 678 [2001]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We may presume that defendant intended the "natural and probable consequences" of his actions (People v McGuire, 227 AD3d 1499, 1499 [4th Dept 2024], lv denied 42 NY3d 971 [2024] [internal quotation marks omitted]; see People v Meacham, 151 AD3d 1666, 1668 [4th Dept 2017], lv denied 30 NY3d 981 [2017]), and, accepted as true, the officer's testimony established that, after defendant handed his meal tray to the porter through the unlocked metal slot of his cell, defendant reached one of his hands out of the slot and threw the contents of his cup to the right, where the officer was approaching, striking him in the face, neck and chest. Defendant did not throw the contents of the cup straight ahead, i.e., in the direction of the porter. If defendant had intended to strike the porter instead of the officer, he could easily have done so given that the porter was standing directly in front of the open slot.
Defendant further contends that the verdict is against the weight of the evidence with respect to the element of intent. Viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Although a different verdict would not have been unreasonable, it cannot be said that County Court "failed to give the evidence the weight it should be accorded" (People v Cobb, 246 AD3d 1384, 1385 [4th Dept 2026], lv denied 45 NY3d 969 [2026]; see generally Bleakley, 69 NY2d at 495).
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court